MRS. N. C. TAYLOR v. ST. LOUIS TYPE FOUNDRY.

Decided March 18, 1899.

**1.  Trial of Right of Property—Dismissal of Claim.**

A claimant of property seized under process who, after filing his affidavit and bond in the proper court, voluntarily dismisses the cause, begins anew and again voluntarily dismisses, will be held to have abandoned his claim.

**2.—Same—Practice on Appeal.**

The appellate court can not render judgment in a suit on the bond of one who claimed property taken by distress for rent after it has decided that he has abandoned his claim, when there was no finding by the jury of the value of the property, and when no evidence of its value was submitted save the appraisal made by the sheriff.

ERROR from the County Court of Bowie.  Tried below before Hon. N. W. VAUGHAN, Special Judge.

*Henry & Henry,* for plaintiff in error.

*P. A. Turner,* for defendant in error.

BOOKHOUT, ASSOCIATE JUSTICE.—Upon a former day we reversed the judgment of the trial court and dismissed this cause.  The plaintiff in error has filed a motion for rehearing, in which, for the first time, it is insisted that judgment should be here rendered in her favor upon the claimant's bond.

This is a suit upon a claimant's bond filed in the County Court of Bowie County, on April 19, 1894, by the St. Louis Type Foundry, as the claimant of certain property levied upon by the sheriff of said county by virtue of a distress warrant sued out in the case of Mrs. N. C. Taylor v. Chas. E. Beard.  From a judgment in favor of the claimant an appeal has been taken to this court by the plaintiff in the distress proceedings.

The plaintiff in error filed a plea in abatement, in which she insisted that the claimant had abandoned its claim to the property by its failure to prosecute its claim in the proper court within the time contemplated by law, and having, after filing the affidavit and bond in the proper court on two different occasions, voluntarily dismissed each case, which orders of dismissal are still in force.  This plea and the evidence thereon was submitted to the court and the court found against the plea.

The following facts are shown in support of said plea:  Plaintiff in

error sued out a distress warrant against Charles E. Beard on the 2d day of October, 1889, and caused it to be levied upon certain property in a storehouse in the city of Texarkana, owned by her and which she had rented to Beard. On October 4, 1889, the defendant in error presented its affidavit and claimant's bond for the property so levied upon, alleging it was the owner of the same. The sheriff fixed the value of the property levied upon at $500. The said affidavit and bond were filed in the County Court on October 10, 1889, and duly docketed in that court as cause No. 870.

Thereafter, during the October term of said court the claimant (defendant in error) appeared in open court and dismissed said cause from the docket of said court, and on the 22d day of February, 1890, filed said oath and bond in the District Court for said county, and the same was docketed as a cause in said court. On April 1, 1891, the said cause upon motion of plaintiff (plaintiff in error) was by said court dismissed on the ground that the District Court had no jurisdiction of the cause. On the 19th day of October, 1891, the claimant again filed the oath and bond in the County Court, and it was docketed as a new cause upon the docket of said court, and numbered 1105. On November 5, 1891, the claimant appeared in open court and dismissed this cause. The order of dismissal is fully set out in the record. After this, the exact date is not shown by the record, possibly in November or December, 1891, the said claimant sued out a writ of error from the judgment of the District Court of April 1, 1891, dismissing the cause in said court. This writ of error was prosecuted to this court, and the judgment was here affirmed on March 14, 1894. On April 19, 1894, the claimant filed its oath and bond for a third time in the County Court, and the same was docketed in said court as cause No. 1373, and is the present case. The court overruled the plea in abatement.

Plaintiff in error contends that these facts show that the claimant abandoned its claim to the property, and that the trial court should have sustained the plea in abatement. It will be noted that the officer fixed the value of the property levied upon by the distress warrant at $500, and returned it to the County Court, where it was filed and docketed as a suit. In this the officer performed his full duty. Sayles' Civ. Stats. 1895, art. 5290.

While the cause was thus pending in the proper court the claimant appeared in open court and voluntarily dismissed the same, and filed the affidavit and bond in the District Court for Bowie County. This order of dismissal having been made by a court having jurisdiction of the claim, would in law be an abandonment of the claim unless set aside. It is contended by defendant in error that at the time this action was taken the law in reference to the jurisdiction of the courts, where the property was levied upon by virtue of a distress warrant and the officer valued it at exactly $500, was in such an uncertain condition, by reason of a conflict between section 8, article 5, and section 16, article 5, of the Constitution, and the defendant in error having acted in good faith

in dismissing the case in the County Court and filing the papers in the District Court, it ought not to suffer for a mistake made under such conditions. It may be that the dismissing of a case in a court having jurisdiction, and the filing of it in another which did not have jurisdiction, under such circumstances, would not necessarily operate as an abandonment of the prosecution of the claim. But it devolved upon the claimant to use diligence in the prosecution of his cause in the District Court, and upon that court holding it had not jurisdiction, to return to the County Court and move to reinstate the cause dismissed in that court upon proper allegations stating the facts, and showing that the cause had been dismissed by mistake.

This the claimant did not do, but after the District Court decided it did not have jurisdiction of the matter, claimant waited over six and one-half months before taking any action in the matter whatever. Then instead of moving to set aside the judgment and reinstate the original cause in the County Court, claimant went in to the court and filed the affidavit and bond therein as a new cause, and numbered 1105, and permitted the judgment of dismissal of the original cause, No. 870, to remain in full force.

This last cause, No. 1105, so filed, was on November 5, 1891, dismissed by the claimant in open court, and said judgment is still in force. The excuse for this action is here stated, that the claimant concluded to further test the jurisdiction of the District Court by prosecuting a writ of error from the judgment of that court to this court. A writ of error was sued to this court, and the judgment of the District Court affirmed by this court on March 14, 1894. 6 Texas Civ. App., 732.

Thus the minutes of the County Court showed two judgments of dismissal of this very claim, one entered in cause No. 870, on October 10, 1889, and one in cause No. 1105, entered November 5, 1891. Neither of these judgments had been set aside at the time the present case was filed therein, in April, 1894.

Had the claimant, in law, abandoned its claim to the property by reason of the facts before set out? Our statutes in reference to the trial of the right of property have made ample provision for, and contemplate a speedy trial thereof. Sayles' Civ. Stats., arts. 5296, 5298, 5299, 5300.

We have held that where the claimant's affidavit and bond are filed in a court which has not jurisdiction thereof, and the same is dismissed by said court because it has not jurisdiction of the matter and the claimant fails, for two successive terms of the court having jurisdiction of the claim, to cause the affidavit and bond to be filed in said court, that such delay will be considered an abandonment of the claim. De Ware v. Elevator Co., 17 Texas Civ. App., 394.

In the case before us, after the District Court had adjudicated it had no jurisdiction, the claimant waited six and one-half months before taking action, and we take knowledge that during that time two terms of the County Court of the county intervened. But if two terms had not passed, yet the claimant deliberately, after filing the affidavit and bond

in the County Court, appeared in open court and caused the order of dismissal of the case in that court to be entered.

Mr. Justice Stayton, speaking for the court as to the effect of an order of dismissal, in Zurcher v. Krohne, 63 Texas, 122, uses the following language: "If, however, the court has jurisdiction, the motion to dismiss the cause, on whatever ground made, would, if sustained, operate as an abandonment of the claim, and the property should have then been returned to the officer."

The undisputed facts show that the claimant has abandoned his claim to the property, and the court erred in not so holding.

The plaintiff in her pleadings set out the bond and her debt and made the necessary allegations to entitle her, upon proof of the same, to recover judgment against the makers of the bond. It was shown that one of the sureties was dead, and as to him the suit abated. The plaintiff in error now asks that we render judgment in her favor for the amount of her debt against the principal and remaining surety.

This, in view of the condition of the record, we can not do.

The case was tried by a jury in the court below and a general verdict returned in favor of the claimant. There was no finding as to the value of the property described in the bond. This is a material issue which the parties were entitled to have determined in the trial court. This court can not determine this fact in the first instance, but it must be found by the trial court. Patrick v. Smith, 90 Texas, 275. The evidence in the record as to the value of the property is not of such a conclusive character as would authorize this court to find its value. The only evidence of the value of the property is the sheriff's valuation of the same. It has been held that this evidence is not sufficient to authorize an appellate court to render judgment on the bond. Dickson v. Zadek, 59 Texas, 532.

The judgment of the trial court is reversed, and judgment will be here rendered dismissing the claim of the appellee to the property.

The suit of plaintiff upon the plaintiff's bond is remanded for another trial. This opinion will stand as the opinion of this court upon this appeal.

*Reversed and dismissed in part.*
*Reversed and remanded in part.*

Writ of error refused.