Chas. Zurcher et al. v. Krohne, Feiss & Co.

(Case No. 1937.)

1. Limitation — Jurisdiction — Trial of right of property.— The statutes in force in 1877 provided that, when property was claimed by a third party, which was seized under execution, and when the execution was levied in the county in which the judgment was rendered, the claim and bond should be returned into the court from which the execution issued, and this without reference to value. In March, 1877, personal property of less value than $200 was seized under execution, and a claim and claimant's bond were filed to try the right to property, and were returned to the county court from which execution issued. Issues were there made up, and the case was continued until May, 1878, when it was dismissed, for want of jurisdiction, by the administrator of the claimant, and the claim was not afterwards prosecuted. In May, 1882, suit was brought against the securities on the claimant's bond, and the defendants pleaded limitation. *Held:*

(1) It is not clear where jurisdiction of cases for trial of right of property existed after the adoption of the present constitution, and before the adoption of the Revised Civil Statutes.

(2) Under the Revised Statutes (R. S., 4831) the justice's court alone had jurisdiction.

(3) The statute of limitations could not begin to run until suit could legally have been brought on the bond. No subsequent action of the claimant could make a cause of action relate back to the date of the bond.

(4) It was the duty of the officer to return the papers to the proper court, and his failure could not defeat the claimant's right.

(5) The condition of the bond was, "in case he fails to establish his right to such property he shall return the same to the officer making such levy." The failure to return the papers to the proper court did not create a breach of the bond; but when the claimant procured a dismissal of the cause for the want of jurisdiction in the court, it was his duty to see that they were filed in the proper court, and limitation began to run against the claimant and his securities from and after the first term of a court thereafter in which the papers should have been filed. The failure to so file them operated an abandonment of the claim, and a cause of action existed on the bond only from that time.

(6) In an action on the bond the sureties were estopped from asserting that the property belonged to their principal, who had thus abandoned all claim thereto.

APPEAL from Washington. Tried below before the Hon. I. B. McFarland.

*J. T. Swearengin*, for appellant, cited: P. D., 4604; Chrisman *v.* Grayham, 49 Tex., 491; Const., art. V, sec. 19; Shields *v.* Boone, 22 Tex., 193; Orr & Lindsey *v.* Moore, W. & W. Civ. Cas., 589; Keeble *v.* Bailey, 3 Tex., 492; Price *v.* Luter, 14 Tex., 6; Cole *v.* Runnells, 6 Tex., 272; Yarborough *v.* Downs, Texas Law Journal, vol. 1, p. 206.

On the right of the sureties to establish that their principal was the owner of the goods seized, he cited: Const., art. V, sec. 19; P. D., arts. 5310, 5313; Keeble *v.* Bailey, 3 Tex., 492; Price *v.* Luter, 14 Tex., 6; Cole *v.* Runnells, 6 Tex., 272.

*Sayles & Bassett*, for appellees, cited: Williams *v.* Pouns, 48 Tex., 141; Ellis *v.* Batts, 26 Tex., 703; Hargrove *v.* Delisle, 32 Tex., 170; Cravans *v.* Wilson, 35 Tex., 52; Sessums *v.* Botts, 34 Tex., 335; Phillips *v.* Lesser, 32 Tex., 751; R. S., 3205; Jones *v.* McMahan, 30 Tex., 733.

On limitation, they cited: Hargrove *v.* Delisle, 32 Tex., 170; Cravans *v.* Wilson, 35 Tex., 52; Sessums *v.* Botts, 34 Tex., 335; Phillips *v.* Lesser, 32 Tex., 751.

That claimant could not abandon claim without restoring property, they cited: Mosely *v.* Gainer, 10 Tex., 578; Howeth *v.* Mills, 19 Tex., 295; Moore *v.* Gammel, 13 Tex., 120; Sparks *v.* Pace, 60 Tex., 298.

That appellee was entitled to recover, they cited: 5 Wait's Actions and Defenses, 458, 471, 477; Dias *v.* Freeman, 5 Term R., 195; Brackenberry *v.* Pell, 13 East, 585; Wilson *v.* Hartly, 7 Dowl. P. C., 461; Persse *v.* Watrous, 30 Conn., 139; Humphrey *v.* Taggart, 38 Ill., 228; Berghoff *v.* Hickwolf, 26 Mo., 511; Hall *v.* Smith, 10 Iowa, 45; Masterson *v.* Matthews, 60 Ala., 260; Ellis *v.* Hull, 23 Cal., 161; Chase *v.* Berand, 29 Cal., 138; Legate *v.* Marr, 3 Blackf., 404; Lobdell *v.* Lake, 32 Conn., 16.

STAYTON, ASSOCIATE JUSTICE.— The appellees having a judgment against one Peterson caused an execution under it to be levied on personal property of less value than $200.

On March 3, 1877, Kauffenburger made claim and gave bond as the statute required to try the right to personal property.

The officer who made the levy filed the oath and bond in the county court for Washington county, that being the court from

which the execution issued, after which both parties appeared in the county court and made up the issues to be tried, and the cause was continued from term to term until May 24, 1878, at which time, Kauffenburger having died, the administrator of his estate moved to dismiss the cause on the ground that the county court had no jurisdiction, the property claimed being of less value than $200.

This motion was not resisted by the appellees, and the cause was dismissed, after which no further effort seems to have been made by the administrator of the claimant's estate to prosecute the claim for the property which had been turned over to his intestate.

The present action was brought May 15, 1882, against the sureties on the claimant's bond, and as a defense the statute of limitation is interposed.

If the statute ran from the time the bond was given, the action was barred; but if it only ran from the time the cause was dismissed in the county court, then four years had not elapsed.

It is not clear where jurisdiction in cases to try right to personal property vested, after the adoption of the present constitution and before the adoption of the Revised Statutes. The constitution does not expressly provide what court shall have jurisdiction in cases of this character, where the value of the property is less than $200, otherwise than as the matter may be embraced in the declarations as to the jurisdiction of the county and justices' courts regulating jurisdiction by amount or value of property in controversy.

The statute in force prior to the adoption of the Revised Statutes provided that, when the execution was levied in the county in which the judgment was rendered, the claim and bond should be returned into the court from which the execution issued (P. D., 5311); and so without reference to the value of the property claimed.

The cause could not be tried in the county court if its jurisdiction is to be determined by the value of the property seized, but would have been within the jurisdiction of a justice's court.

Under the Revised Statutes a justice's court alone would have jurisdiction of the case. R. S., 4831.

It may be true that, under some of the provisions of the constitution and the laws in force at the time, the county court had jurisdiction, but upon this question we express no opinion, it not being necessary, in the view taken of the case, to do so.

The statute of limitation did not run against the appellees until they might legally have brought a suit on the bond, and the question arises, When could they, under the facts of the case, legally have brought suit on the bond?

Between the time the claim was made and the bond given, and the first term of the proper court to which the papers should have been returned, no action could have been maintained on the bond without thwarting the very purpose for which the act on which the proceeding was based was enacted.

The reply to such an action would have been that no judgment on the bond could be rendered until the rights of the parties to the property had been settled in the proceeding commenced, or until that proceeding had been in some way abandoned.

This being true, a cause of action on the bond did not accrue at the time the bond was given, and we cannot perceive how any subsequent failure of the claimant to act, or any action on his part, can make a cause of action subsequently accruing relate to the time the bond was given.

Proceedings in cases like this must be considered as commenced when the claim is made and bond given in accordance with the statute.

It became the duty of the officer to return the papers into the proper court, and if the officer failed in this respect, unless the claimant did some act evidencing his intention not to prosecute his claim, an action could not have been maintained on the bond; for the officer could not thus defeat the remedy to which the claimant had become entitled, and which was commenced, which would be the result if suit could be maintained on the claimant's bond without his having had or waived the hearing to which he had become entitled; and on the result of which the liability of himself and sureties would depend.

The condition of the bond was: "in case he fails to establish his right to such property he shall return the same to the officer making such levy," etc.

When did the breach of the bond occur? Certainly not when, under the uncertain state of the law, the papers were returned into the county court, and the parties there appeared, made up the issues to be tried, and no doubt in the utmost good faith believed that they could legally have their rights determined in that court. These facts do not indicate an intention on the part of the claimant to abandon his claim.

Nor can it be claimed that the dismissal of the proceeding in the county court, if that court had no jurisdiction to determine the cause, operated as an abandonment of the claim; for that, in such case, would have been a proper procedure, and but a step in the

right direction, looking to the transfer of the matter to the proper court.

If, however, the court had jurisdiction, the motion to dismiss the cause, on whatever ground made, would, if sustained, operate as an abandonment of the claim, and the property should then have been returned to the officer.

The property was not taken from the possession of the claimant, and we are of the opinion that it was his duty, if the papers were returned to a court which had no jurisdiction, to have them sent to a court which had, and that when he had the cause dismissed in the county court, if that court had no jurisdiction, it was his duty without unnecessary delay to have caused the papers to be filed in a justice's court, after which, if he did not appear, he might have been cited in accordance with the statute; but there was no obligation on the part of the appellees to see that the papers were thus filed, nor to have him cited to appear until the papers were in the possession of a justice's court.

We are therefore of the opinion, if it be conceded that the justice's court had jurisdiction, and that the county court had not, that the appellees had no cause of action on the bond sued on before the first term of the justice's court succeeding the time at which the cause was dismissed in the county court, and that by the failure of the claimant to have the papers returned to a justice's court he is to be deemed to have abandoned his claim, and this would put in motion the statute of limitation; which in our opinion would not run before the first term of the justice's court after the cause was dismissed from the county court.

From this it follows that the action on the bond was not barred when this action was brought.

It is hardly necessary to say that the sureties on the bond cannot be heard to assert that the property levied on really belonged to their principal, when he, or the representative of his estate, abandoned the claim, and thereby failed to establish his right thereto. Mosely v. Gainer, 10 Tex., 578; Sparks v. Pace, 60 Tex., 299.

There is no error presented for which the judgment should be reversed, and it is affirmed.

AFFIRMED.

[Opinion delivered January 23, 1885.]