## J. M. DEWARE, TRUSTEE, ET AL. v. WICHITA VALLEY MILL AND ELEVATOR COMPANY ET AL.

### Delivered November 29, 1897.

**1. Practice on Appeal—Assignment of Error.**

An assignment of error that "the court erred in its charge to the jury on the law of the case," is too general, and will not be considered.

**2. Levy by Sheriff on Property in His Possession as Trustee—Collateral Attack.**

Where a writ of attachment was levied by a sheriff upon property already in his possession as a trustee for creditors, and he made due return of the levy upon the writ, such levy is not subject to collateral attack as being void.

**3. Claimant's Bond—Duty of Claimant to Prosecute His Claim.**

Where writs of attachment were levied by a sheriff upon property in his possession as trustee, and as such trustee he gave a claimant's bond for trial of the right of property, and filed the bond and claim in a court having no jurisdiction, which dismissed the matter for that reason, and nothing further was done by the claimant for two terms of court, this was an abandonment of the claim, and the sureties on the bond were liable to the plaintiffs in the attachment writs for the return of the property or its value.

**4. Estoppel—Declaration of Attorney.**

A declaration by the attorneys for both parties, the plaintiffs in attachment and a claimant of the attached property, at the time of a dismissal of the claimant's action

for trial of the right of property, that they intended to do nothing further, will not estop such attaching creditors from prosecuting an action on the claimant's bond for the value of the property.

APPEAL from Marion. Tried below before Hon. J. M. TALBOT.

*R. R. Taylor*, for appellants.—1. A sheriff acting as a trustee under a valid deed of trust can not levy upon property in his own possession and which he is holding under such deed of trust, and any such pretended levy would be void. Such a levy could not and would not disturb the possession of said trustee, and would therefore be a nullity.

2. A claim bond based on a void and illegal levy is a nullity and can never be enforced, and the obligors in such a bond have a right to show that such levy is illegal and void and of no force and effect as against them. Murfree on Sheriffs, secs. 548, 1000; Tillman v. McDonough, 2 Willson, C. C., 54; Latham v. Selkirk, 11 Texas, 314; Webb v. Mallard, 27 Texas, 80.

3. It is the duty of the officer taking a claim bond to return the papers into the proper court, and if the officer fails in this respect, unless the claimant does some act evidencing his intention not to prosecute his claim, an action can not be maintained on the bond; for on the result only of a trial of the right of property on the merits depends the liability of the claimant and his sureties on the claim bond. Zurcher v. Krohne, 63 Texas, 118.

4. A party litigant or his attorney of record has a right to rely upon a statement made to him by the opposite party or his attorney of record to the effect that the litigation is at an end, and especially so where the party making the statement admits that the rights of his adversary are superior to his own in the matter litigated. Steed v. Petty, 65 Texas, 490; Big. on Estop., secs. 387, 484; Collins v. Cooper, 65 Texas, 460; Scoby v. Sweatt, 28 Texas, 130.

*George T. Todd, L. S. Schluter*, and *J. H. Culberson*, for appellees.

1. Not only is such a levy valid, but it was the sheriff's duty, if he received the process from a justice court, to execute the same as the constable must have otherwise done, and he, as trustee, was not precluded from giving a statutory claim bond. Rev. Stats., arts. 167, 2296, 2326; Hamilton v. Ward, 4 Texas, 366-370; Walton v. Compton, 28 Texas, 575; Erwin v. Blanks, 60 Texas, 584.

2. The claimant, J. M. Deware, could not dismiss or evade his liability, created, caused, and made by giving appellees said bond, without restoring the property to the attachments and holding it under them alone. Mosely v. Gainer, 10 Texas, 578; Zurcher v. Krohne, 63 Texas, 118-122; Garrity v. Thompson, 2 S. W. Rep., 750; 4 Willson's C. C., 58.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was brought by the appellees, Wichita Valley Mill and Elevator Company, Sladen Kirksey Woolen Mills, Sanders Duck and Rubber Company, Wyland, Ackerland

& Co., R. Douglass Crockery Company, H. R. Krite & Co., Fink & Nasse, and William A. Orr Shoe Company, against the appellants, on a claim bond executed by appellant J. M. Deware, as trustee, as principal, and the appellants T. J. Rogers and B. F. Rogers, as sureties on said claim bond, on December 22, 1894.

On September 18, 1895, appellees filed their petition in the District Court of Marion County, Texas, alleging in substance that the appellees were each and all judgment creditors of one Max Simmons, and that they had all secured attachment liens upon the property of said Max Simmons of the aggregate value, as assessed by the sheriff, of the sum of $1627.66; that said liens were foreclosed, subject to the trial of the right of property voluntarily made and tendered by appellant J. M. Deware, trustee, who made, executed, and delivered the claim bond sued on, with the appellants T. J. Rogers and B. F. Rogers as sureties on the same, in the sum of $3300. That the claim of said J. M. Deware, trustee, was never established, and no effort was ever made in any court of competent jurisdiction to establish the same, but said claims were docketed in courts having no jurisdiction, and subsequently dismissed by consent and at cost of claimant, and said claim has long since been waived and abandoned by appellants, and said bond breached and a cause of action accrued thereon.

On December 16, 1895, appellants answered by motion to quash citation, exceptions, etc., and on December 28, 1896, by amended answer containing general denial, and special answer setting up the fact that they did execute the bond sued on in the manner as charged in appellants' petition. But that the levies charged to have been made, and which are the foundation of said bond, were illegal and void, and of no force and effect; that said levies did not disturb the possession of said claimant, J. M. Deware, who was at the time of said levies sheriff of Marion County, Texas; that said levies were made by said J. M. Deware, sheriff of said county, upon property in his possession and which he was holding under a deed of trust executed by Max Simmons to secure various and divers bona fide creditors of the said Max Simmons.

That on December 13, 1894, the said Max Simmons, for the purpose of securing various and divers bona fide creditors of his, among the number being the defendants T. J. Rogers and T. J. Rogers & Son, made, executed, and delivered to the defendant J. M. Deware his certain deed of trust, wherein he conveyed to Deware all the said property charged to have been levied upon in plaintiffs' petition; that said Deware immediately took actual possession of all of said property under the terms of said deed of trust, and was in actual possession of all of said property at and before the time of said illegal and void levy. That after said illegal and void levy, Deware executed said bond sued upon and made his affidavit claiming said property, as trustee, and immediately filed said bond and affidavit in the proper courts having jurisdiction thereof for the trial of the right of property. That said Deware has always been and was then ready and willing to fully establish his right and claim to said

property, as trustee, under said deed of trust. That he has done no act evidencing any intention whatever on his part not to prosecute his said right and claim to said property under said deed of trust. That there has never been any issue made and trial had upon the merits of said claim bond and affidavit that would render defendants liable upon said bond. That the failure to get a trial upon the merits of said claim case was not caused by any fault on the part of defendants, but was caused wholly by the statements and representations by the plaintiffs, acting by and through their attorney George T. Todd, to the effect that said plaintiffs had abandoned said claim suit, and that said plaintiffs recognized and admitted the right and title of the claimant, J. M. Deware, to said property as being superior to the right of plaintiffs arising from their attachment lien; and with that understanding with said attorney for plaintiffs, and R. R. Taylor, attorney for defendants, said claim suit was dismissed voluntarily by Todd, representing the plaintiffs in said claim suit. They further prayed that defendants be allowed to establish the right and claim of the said J. M. Deware, trustee, to the property, and that they have judgment accordingly.

December 30, 1896, the cause was tried before a jury, and resulted in a verdict and judgment for plaintiffs for the aggregate sum of $1113.77, with 6 per cent interest from December 22, 1894, and all costs of suit. Appellants filed motion for new trial, which being overruled, they excepted, and have duly perfected this appeal.

*Opinion.*—Appellants' first assignment of error is too general to be considered. It is, that the court "erred in its charge to the jury on the law of the case." The rules governing this court prohibit us from considering such an assignment. Rule 26; 20 S. W. Rep., viii.

Appellants' second assignment of error, and proposition thereunder, challenge the legality of the levy of the several writs of attachment, said levies having been made by J. M. Deware, sheriff of Marion County, Texas, on property in his own possession, as trustee, in a chattel mortgage executed to him by Max Simmons to secure certain creditors therein named.

The defendants pleaded that these levies, which were the foundation of plaintiffs' suit, were illegal and did not disturb the trustee's possession of the property.

The question arises, how far can defendant go in attacking the levy of these writs of attachment in this suit? The writs of attachment were sued out in the several cases of the respective plaintiffs in suits against Max Simmons and placed in the hands of Sheriff Deware. He levied the writs, and thereupon made an affidavit, as trustee, claiming the property, and executed a claimant's bond, and approved the same as sheriff, and returned the same to the justice court from which the writs had issued. The attachment suits were prosecuted to judgment and the attachment lien foreclosed, subject to the decision of the court in the suit to try the right of property. The affidavit and the bond upon which the property

was released each stated that a levy had been made on the property. The sheriff testified on the trial that he levied the writs of attachment upon the property mentioned in the affidavit and bond.

From these facts, it will be presumed that the levy made was a legal levy and complied with the statute. Betterton v. Echols, 85 Texas, 212; Sayles' Civ. Stats., art. 2349.

Is the levy, in other respects legal, made illegal by reason of its having been made by J. M. Deware, sheriff, on property which he had in his possession as trustee in a chattel mortgage executed to him by the defendant in the attachment suits to secure certain creditors?

In this suit the sufficiency of the levies is raised in a collateral proceeding. Jacobs v. Daugherty, 78 Texas, 685. Unless the levies were actually void, they will be held sufficient in this suit. Bennett v. Gamble, 1 Texas, 124; Earle v. Thomas, 14 Texas, 583.

In the case of Hamilton v. Ward, 4 Texas, 356, it was held that where the sheriff has one execution in favor of, and another against the same person, he may apply the money collected upon one to the satisfaction of the other. To the same effect is Walton v. Compton, 28 Texas, 575. We do not think the levy of the several writs of attachment was void; and not being so, the defendant can not shield himself behind any irregularity in the same.

Appellants' third assignment of error, and proposition thereunder, maintain that it was the duty of the officer taking the affidavit and claim bond to return the papers into the proper court, and if the officer fails in this respect, unless the claimant has done some act evidencing his intention not to prosecute his claim, an action can not be maintained on the claimant's bond.

The affidavit and bond of the claimant were returned into the justice court. The sheriff fixed the value of the property at the time of the levy at $1627.66, and the bond was made in the sum of $3300. The justice court had no jurisdiction in the matter, and dismissed the causes for want of jurisdiction. No further action was taken. Whose duty was it to see that the affidavit and bond were filed in the proper court? Appellants insist that it was the duty of the sheriff. But the sheriff was also the claimant. It is insisted that the defendant claimant did nothing to evince an intention not to prosecute the suit of the trial of the right of property. It may also be said he evinced no desire to prosecute the suit. The bond was conditioned, "in case he fails to establish his right to such property, he shall return the same to the officer making such levy." It would seem from the terms of the bond that his contract to establish his right to the property or return the same placed the laboring oar with him. In the case of Zurcher v. Krohne, 63 Texas, 122, Judge Stayton, speaking for the court in a case similar to this one, uses the following language: "We are of the opinion that it was his (the claimant's) duty, if the papers were returned to a court which had no jurisdiction, to have them sent to a court which had, and that when he had the cause dismissed in the county court, if that court had no jurisdic-

tion, it was his duty without unnecessary delay to have caused the papers to be filed in a justice court, after which, if he did not appear, he might have been cited in accordance with the statute; but there was no obligation on the part of the appellees to see that the papers were thus filed, nor to have him cited to appear until the papers were in the possession of a justice court." See also Denson v. Horn, 4 Willson's Civ. Cases, secs. 226, 227.

It is true, the statute places the burden of proof upon the plaintiff where the property is taken from the possession of the claimant. Rev. Stats., art. 5302. But this does not relieve the officer and claimant from causing the affidavit and bond to be filed in the proper court. We think it was the duty of the claimant, who was the sheriff making the levy, to see that the papers were returned and filed in the proper court. His failure to do so, during either the first or second term of the court having jurisdiction of the matter, should be treated as an abandonment of the prosecution of the claimant's suit.

But it is claimed that the plaintiffs are estopped from prosecuting this suit upon the bond, because at the time the claimant suits were dismissed in the justice court, the attorney for the plaintiffs led the defendants to believe that the litigation was at an end.

The record shows that at the time the suits were dismissed the attorney for the claimant asked the attorney for the plaintiffs what he was going to do, to which he replied, "Nothing." Plaintiffs' attorney then asked the attorney for claimant what he was going to do, and he replied, "Nothing."

There is nothing in the record that could be construed as in any way estopping plaintiffs from suing on the bond.

We find no error in the record, and the judgment of the court below is affirmed.

*Affirmed.*