JOSEY et al. v. MASTERS. (No. 1512.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 4, 1915.)

1. SEQUESTRATION ⬤⟿13—RIGHT TO PROPERTY — CLAIMANT — JURISDICTION—WAIVER OF OBJECTION.

Where, in an action brought in T. county for the title possession of a horse, plaintiff alleges that the horse is in the possession of defendant S. in D. county, and one J. presents, to the officer levying the writ of sequestration in D. county, his affidavit and claim bond to try the right of property in the horse, which the officer then delivers to him as expressly authorized by Vernon's Sayles' Ann. Civ. St. 1914, art. 7769 et seq., it is the duty of J., if the property is not in his possession when levied on, to see to it that the affidavit and claim bond are returned to a court in D. county as required by articles 7776 and 7777; and when he neglects this duty he will be deemed to have waived his right to object that these papers were not returned to the proper court, and that judgment was taken against him and the sureties on his bond in the action in T. county.

[Ed. Note.—For other cases, see Sequestration, Cent. Dig. §§ 17–20; Dec. Dig. ⬤⟿13.]

2. APPEAL AND ERROR ⬤⟿934—PRESUMPTION —JURISDICTION — POSSESSION OF PROPERTY.

On appeal in such case, after it has been taken from the justice court to the county court by certiorari, it will be presumed, if necessary to support the trial court's ruling, that J. admitted that the property was in the possession of S. when levied on, where the application for writ of certiorari is not a part of the record.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3777–3782; Dec. Dig. ⬤⟿ 934.]

3. SEQUESTRATION ⬤⟿20—CLAIMANT—NOTICE.

In such case, J. and his sureties were chargeable with knowledge that the officer had sent such papers to the justice court in T. county, from which the writ of sequestration was issued, instead of to a court in D. county, and also with the fact that such justice court had jurisdiction under Vernon's Sayles' Ann. Civ. St. 1914, article 7778, to hear and determine the case, where the assessed value of the property did not exceed $200.

[Ed. Note.—For other cases, see Sequestration, Cent. Dig. §§ 42–49; Dec. Dig. ⬤⟿20.]

4. COURTS ⬤⟿24, 25 — JURISDICTION — CONSENT.

Jurisdiction of the subject-matter cannot be conferred by the consent of parties, but where the court has jurisdiction of the subject-matter the parties may by consent confer jurisdiction over their persons.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 76–80; Dec. Dig. ⬤⟿24, 25.]

Appeal from Titus County Court; Sam Porter, Judge.

Action brought in justice court by T. T. Masters against R. H. Josey and others. From a judgment for plaintiff in the county court, defendants appeal. Affirmed.

Seb F. Caldwell, of Austin, for appellants. T. C. Hutchings, of Mt. Pleasant, for appellee.

WILLSON, C. J. Appellee sued one Scullin in a justice court of Titus county for the title possession of a certain horse, which he alleged was in Scullin's possession in Dallas county. A writ of sequestration issued out of said justice court at appellee's instance was levied on the horse in Dallas county. Appellant Josey thereupon presented to the officer (the sheriff) who levied the writ his affidavit and claim bond, with appellants J. O. Hart and D. A. Bradshaw as sureties, for the purpose of trying the right of property in the horse, which the sheriff then delivered to him, as authorized by the statute. Article 7769 et seq., Vernon's Statutes. The affidavit and bond were not returned by the officer, with a copy of the writ, to a court in Dallas county having jurisdiction to try the question as to the right of property in the horse, as required by the statutes (articles 7776, 7778), but same were by the sheriff returned with the original writ to the justice court of Titus county, where judgment by default was rendered in favor of appellee against Josey, and also against the other appellants as the sureties on his claim bond. The cause having been removed to the county court of Titus county by means of a writ of certiorari issued at the instance of appellants, it was there tried de nova, and judgment was rendered in appellee's favor against appellant Josey for the horse and against Josey and the appellants J. O. Hart and D. A. Bradshaw as sureties on his claim bond, and against J. E. Hart and H. A. Hood, sureties on the certiorari bond, $200 and $20 additional as a penalty allowed thereon by law.

The only issue tendered by appellants in the county court, so far as the record before us shows to the contrary, was one questioning the jurisdiction of the justice court of Titus country to try the right of property in the horse, on the ground that, the writ having been levied in Dallas county, the courts of that county alone had power to try that question. The contention presented by the issue tendered was based on article 7776, Vernon's Statutes, which required the officer who made the levy in Dallas county, when he received Josey's affidavit and claim bond, to indorse on the bond the value of the property as assessed by himself, and then to return same with a copy of the writ to a court in Dallas county "having jurisdiction according to the value of the property as assessed by said officer," and article 7777 of said Statutes, which required said officer to return the original writ to the justice court of Titus county after indorsing thereon that claim to the property had been made and oath and bond given, "stating by whom, the names of the sureties, and to what justice or court the bond had been returned." Appellee excepted to the issue tendered, on the ground that, using his language, "the defendants invoked the jurisdiction of this court and caused this case to be brought to this court and caused this plaintiff to be cited to appear and prosecute this suit in this court." The court below sustained the exception. Whether he

erred in so doing or not, is the only question presented in appellants' brief.

The claim bond as approved by the sheriff contained a recital that he had assessed the value of the horse at $200.

[1-4] In the affidavit for the writ of sequestration it was alleged that the horse was in the possession of Scullin, the defendant in the suit, and in the writ of sequestration he was described as being in Scullin's possession. Otherwise there is nothing in the record sent to this court showing who had possession of the horse at the time he was levied upon. If he was not then in appellant Josey's possession, it was Josey's duty, as determined by the Supreme Court in Zurcher v. Krohne, 63 Tex. 122, to see to it that the affidavit and claim bond were returned to the proper court. And see Chappell v. Ferrell, 54 S. W. 1074; and Deware v. Elevator Co., 17 Tex. Civ. App. 394, 43 S. W. 1048. As appellants in their application for the writ of certiorari which is not a part of the record sent to this court, may have admitted that the horse was in Scullin's possession at the time he was levied upon, this court should assume, if it is necessary to do so to support the ruling made by the trial court, that they did make such an admission. If it was Josey's duty to see to it that the papers were sent to a court in Dallas county having power to hear and determine the question as to the right of property in the horse, appellants were chargeable with knowledge of the fact that the sheriff had not done that, but, instead, had sent same to the justice court in Titus county from which the writ of sequestration was issued. They also were chargeable with knowledge of the fact that said justice court had jurisdiction to hear and determine such a question where the assessed value of the property did not, as in this instance, exceed $200. Article 7778, Vernon's Statutes. It is well settled that, if a court is without power because of the subject-matter thereof to hear and determine a suit, the parties thereto cannot by consent confer jurisdiction on it to try same; but it is well settled that, if a court has jurisdiction of the subject-matter, the parties may by consent confer on it the power over their persons necessary to enable it to try the cause. It appears from the record before us that the affidavit and claim bond were returned to and filed in the Titus county justice court June 29, 1914; that no action in the cause was had in that court until the September term thereof, when it was continued to the October term; and that at the October term it was continued to the November term, when the judgment appealed from was rendered. Under these circumstances, we think the trial court was warranted in the conclusion he must have reached that appellants were in the attitude of having waived the right they had to have the cause tried in Dallas coun-ty, and, having waived the right, were not entitled to complain because it was tried in Titus county. Therefore the judgment is affirmed.