## JOSEY et al. v. BLIEDEN.　(No. 755.)

(Court of Civil Appeals of Texas. Beaumont. Jan. 5, 1922.)

1. Execution ⊕⇒210—Abandonment by claimant of property levied upon an issue of fact and not of law.

Where property seized on execution has been released on claimant's oath and bond, abandonment of his claim by the claimant by failing to make return or have return made of the affidavit, oath, and bond to a district court having jurisdiction is not an issue of law, but of fact.

2. Execution ⊕⇒211—Evidence held to show abandonment by claimant of property levied upon.

Where property seized under execution was released to a claimant under his oath and bond executed July 5th, and approved by the sheriff July 8, 1919, evidence in action on claimant's bond that complainant permitted his cause of action to remain on the docket of the county court until March 20, 1920, and then did not have it filed with the district court until July 19, 1920, held to show an abandonment of the claim.

Appeal from District Court, Jefferson County; E. A. McDowell, Judge.

Action by A. Blieden against J. E. Josey and others. Judgment for plaintiff, and defendants appeal. Affirmed.

C. W. Howth, of Beaumont, for appellants.

C. A. Lord and W. M. Crook, both of Beaumont, for appellee.

WALKER, J. On the 19th day of June, 1918, appellee recovered judgment against one John A. Lee and one W. C. Josey. Under execution issued on such judgment, the sheriff of Jefferson county seized certain personal property, which he released to appellant, J. E. Josey, on his claimant's oath and bond. This suit was instituted on that bond by appellee against appellant, J. E. Josey and his sureties, and judgment was rendered in his favor. The trial was to the court without a jury. No statement of facts was filed, but we have before us the trial court's conclusions of fact and law. The judgment in favor of appellee rests on the following conclusion of fact:

"That the defendant, as the claimant of the property in question, abandoned his claim to said property by failing to make return or have return made of the affidavit, oath and bond to a district court having jurisdiction of the amount in controversy, and that said claimant's failure to make such return or cause the same to be made until the filing of the present suit and until the late date of July 19, 1920, fully evidences the fact that the said claimant has abandoned such claim, and intended to so abandon his claim to the property in question."

Appellants advance the proposition that this conclusion of fact is against the recited facts as made by the trial court. He found that the claimant's bond was executed on the 5th day of July, 1919, and approved by the sheriff on the 8th day of July, 1919; that the bond and affidavit were returned by the sheriff to the county court of Jefferson county, Tex., at law, and docketed in that court, and was dismissed from the docket of that court for want of jurisdiction on the 22d day of March, 1920; that nothing was then done with the bond and affidavit until the 19th day of July, 1920, when it was filed with the clerk of the district court of Jefferson county, but was not docketed until the 31st day of December, 1920, when it was entered on the docket of the district court for the Sixtieth judicial district, and at that time ap-

⊕⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

pellant filed a plea, tendering the issue for trial of right of property; that no trial was had on such plea, nor was issue joined thereon. He further found:

"That there are and were long prior to the year 1918 two district courts in Jefferson county, Tex., to wit, the Fifty-Eighth district court and the Sixtieth district court, and that the terms of said district courts begin and end as follows: The Fifty-Eighth district court: On the third Monday in September, and may continue in session for 11 weeks; on the second Monday in December, and may continue in session for 10 weeks; on the first Monday in March, and may continue in session for 8 weeks; on the first Monday in May, and may continue in session until the first Saturday before the third Monday in September. The Sixtieth district court: On the first Monday in October, and may continue until and including the last Saturday in November; on the first Monday in December, and may continue in session until and including the last Saturday in January; on the first Monday in February, and may continue in session until and including the last Saturday in March; on the first Monday in April, and may continue in session until and including the last Saturday in May; and on the first Monday in June, and may continue in session until and including the last Saturday in September."

Appellee instituted this suit against appellant on the 11th day of June, 1920.

[1, 2] The issue of abandonment is not one of law, but of fact, and in our judgment the facts found by the trial court fully sustain his conclusion that J. E. Josey had abandoned the prosecution of his claim to the property. The duty rested on J. E. Josey to have due return made of his oath and bond to one of the district courts of Jefferson county. When the return was improperly made to the county court at law of Jefferson county, he was visited with knowledge of that fact, and of the further fact that such court did not have jurisdiction of his claim. In order to be in due prosecution of his claim to the property, he should have shown diligence by calling the attention of the county court at law to the fact that it did not have jurisdiction of the cause, and taking such other action as would have resulted in the filing of his oath and bond in the proper tribunal; but no diligence is shown. He permitted his cause of action to remain on the docket of the county court at law until the 20th of March, 1920, about eight months, then did not have it filed with the district clerk until the 19th day of the following July, about four months more. We cannot agree with appellant in his proposition that the presumption of due diligence arose in his favor, that is, from the time of the execution of the bond until it was filed with the district clerk, he was making all reasonable efforts to have the sheriff make the return to one of the district courts. The burden rested on him to explain the long delay in returning the oath and bond; and the court's conclusion is an affirmative finding against him that he failed to discharge this burden. This conclusion cannot be further reviewed in the absence of a statement of facts. The following decisions are directly in point as sustaining this judgment: Zurcher v. Krohne, 63 Tex. 118; Deware v. Wichita Valley Mill & Elevator Co., 17 Tex. Civ. App. 394, 43 S. W. 1047; Chappell v. Ferrell, 54 S. W. 1074; Josey v. Masters, 179 S. W. 1134; Hinkle v. Thompson, 195 S. W. 311.

As judgment for appellee necessarily followed from the trial court's conclusion of fact which we have discussed, and as no error appears in the record, the judgment of the trial court is in all things affirmed.