## WILLSON v. RILEY. (No. 746.)

(Court of Civil Appeals of Texas. Beaumont. April 12, 1922. Rehearing Denied April 19, 1922.)

**1. Continuance ⬉11—Continuance refused for defendant's negligence in failing to properly serve his warrantors.**

Where the duty rested on defendant to see that legal citation was issued by the clerk for service on his warrantors, he was negligent in not noting defects, and refusal of a continuance so that he might have proper service was not error.

**2. Evidence ⬉460(7) — Parol evidence admissible to identify land claimed in petition.**

In an action by a tenant for possession of land where he pleaded that his contract was evidenced by certain letters which were attached as exhibits, from which letters it appeared that the relation of landlord and tenant was established, the description of the land, not being fatally defective, could be aided by parol evidence.

**3. Evidence ⬉450(4)—Defect of ambiguous contract supplied by parol evidence.**

A contract between a landlord and tenant, as evidenced by letters from the landlord, held ambiguous, so that parol evidence was admissible to supply its defects.

**4. Landlord and tenant ⬉129(3)—No error in excluding evidence on matters not in issue.**

Where, in suit for possession by a tenant against his landlord's purchaser, the lease contract was evidenced by letters from the landlord, exclusion of testimony as to another contract not in issue was not error.

**5. Trial ⬉129—Remarks of counsel in reply to argument held not reversible error.**

In a suit by a tenant for possession of land deeded by his landlord to defendant during the tenancy, where the landlord died before the suit was tried and plaintiff's counsel in argument said that if the landlord were living he would tell them that plaintiff was entitled to possession, being only in reply to argument of defendant's counsel, no reversible error was shown.

Appeal from District Court, Tyler County; D. F. Singleton, Judge.

Suit by E. J. Riley against Matt Willson. From judgment for plaintiff, defendant appeals. Affirmed.

Robt. A. Shivers and G. C. Bradfield, both of Woodfield, for appellant.

Coleman T. Lowe, of Woodville, for appellee.

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

WALKER, J. Appellee instituted this suit against appellant to recover of him the possession of certain lands, specially pleading that he held the lands under a tenancy contract which had not expired. Appellant bought the land under a warranty deed from Joe W. Thomas, appellee's landlord. This deed to appellant recognized appellee's tenancy contract, but made the contract period shorter than the one asserted by appellee in this suit. Appellant's deed was dated September 28, 1918, and, at the time he took his deed, appellee was in possession of all the lands claimed by him under his tenancy contract. Though appellee was in possession, appellant made no inquiry as to the nature of his contract, but after the expiration of the time as stated in his deed took possession of the lands and denied any further right in appellee. The trial was to a jury on special issues, and on their answers judgment was entered in favor of appellee giving him the possession of the land for the number of years claimed by him in his petition, and for damages. On this appeal, appellant advances the following propositions:

[1] (1) "Where defendant used proper diligence, he was entitled to a reasonable time in which to make his warrantors parties to the suit."

In support of this proposition, he makes the following statement:

"This suit was filed January 6, 1921. Defendant served with citation January 10, 1921. Defendant lives 20 miles from Woodville. He employed attorneys. They filed answer on January 17. Warrantors live in Angelina county, Texas. Citation forwarded to sheriff of Angelina county, January 18, 1921, who returned citation showing that service was had on warrantors, 27th day of January, 1921. Court convened February 7. Motion to quash citation on warrantors was sustained February 8, 1921, and on that date he filed and presented his motion for continuance."

Appellant moved for a continuance so that he might have proper service on his warrantors. The court did not err in denying this motion. He was served in time to make his warrantors parties. In fact, he did implead them and had service of citation on them. If he mailed the citation to the sheriff of Angelina county, he was guilty of negligence in not noting the defects in the citation. If the clerk mailed it, he was guilty of negligence in not having it delivered to him for his inspection. The duty rested on him to see that due and legal citation was issued by the clerk. He cannot be relieved of such duty by leaving its performance to the clerk. In principle, Josey v. Blieden (Tex. Civ. App.) 236 S. W. 559, and authorities therein cited, are very much in point.

[2] (2) "Where plaintiff alleged a contract to be evidenced by certain letters attached as exhibits, and where said memorandum of writing failed to show the names of the parties, the substance of agreement, the identity of the subject-matter did not sufficiently describe the land to identify it and had no reference to any other instrument containing such description, the petition will not support a judgment."

Appellee pleaded that his tenancy contract was evidenced by certain letters which were attached as exhibits to his petition, and which were as follows:

"Joe W. Thomas, Attorney at Law.

"Complete Abstracts of Tyler County Lands.

"Woodville, Tex., July 4, 1917.

"Mr. Alfred Riley, Chester, Texas—Dear Friend: Replying to yours of date June 30th, just received, will say that I heretofore wrote Judge Riley that if he placed a wire fence it was agreeable with me for him to have the lease of the land for five years, that is inclusive of the year 1917, making the lease of the 25 acres on the Warring survey so fenced by him terminate on Dec. 31, 1922.

"A lease for more than one year should be in writing, and this and the other letter will be sufficient. However, should Judge Riley desire a more formal instrument, I am ready to execute same.

"I am sorry that the drought has been so fatal to the corn in your community, and elsewhere as to that, but wish you better success on other crops. The corn around here looks to be almost ruined. We have had only small rains here the past week, not enough to do any good.

"I am living at Woodville again, moved back about two weeks ago, will be here until September at least.

"With best wishes to you and your brother, I remain,

"As ever, your friend,
"JWT.　　　　　　　　　　Joe W. Thomas."

"Joe W. Thomas, Attorney at Law.

"Lufkin, Texas. Box 4.

"Mr. Jno. Howell, Chester, Texas—Dear Sir: Your letter received, stating you wanted to clear up about 15 acres more land. As to this, you see Messrs. John and Alfrey Riley, they will show you the lines, and arrange with you as to this, as they think proper. They look after this matter of clearing for me. They know better than I do about it, being on the ground.

"Yours very truly,
"JWT-b　　　　　　　　　　Joe W. Thomas."

"Copy.

"Messrs. Jno. & Alfred Riley, Chester, Texas —Gentlemen: The above letter I am writing Mr. Howell, he writes me about things down there, and I will leave the matter entirely with you, to let him clear the land you think best and proper. In other words, you act for me in arranging the place for him to clear, etc.

"With best wishes, I remain, as ever,
"Your friend,
"JWT-　　　　　　　　　　Joe W. Thomas."

"Joe W. Thomas, Attorney at Law.

"Lufkin, Texas. Box 4.

"Jan. 4, 1917.

"Judge E. J. Riley, Chester, Texas—Dear Judge: You write me about my agreement with Mr. John Howell with reference to clearing land on my place. We had no formal written contract, other than our correspondence by letter as you state, but our agreement as I remember it, was that he had free rent on the land cleared by him for a period of four years, after which time he would pay rent according to arrangements then to be made. If this is agreeable with you, proceed accordingly.

"For further information, I would refer you to Messrs. John and Alfred Riley, as they look after matters for me there. And would suggest that you see them and conclude the arrangements for the work, etc.

"With best wishes that the New Year bring you every success and much prosperity.

"Your friend,

"JWT—                    Joe W. Thomas."

We do not think appellee's cause of action was subject to the attack made by this proposition. From these letters it appears that Joe W. Thomas was the landlord, and appellee was the tenant. The description of the land was not fatally defective, but could be aided by parol evidence, and in all other respects complained of by this proposition parol evidence was admissible in aid of appellee's cause of action. By such evidence the land was identified as being the land claimed by him in his petition, and in all other respects the cause of action as plead was sustained.

[3] (3) "Where contract is in writing and no ambiguity appears on the face of the contract and is not shown by the facts on the trial, oral testimony is not admissible to explain or vary."

What we have said in discussing the second proposition disposes of this proposition. The contract as evidenced by the letters was ambiguous, and, as we said under the second proposition, parol testimony was admissible to supply its defects.

[4] (4) "When a contract is in writing, the instrument itself is the best evidence; but, when shown to have been misplaced or lost, oral testimony is admissible to show the terms of the contract."

This proposition is based on the exclusion by the court of the testimony of the Mr. Howell referred to in the letters copied above as to duration of his lease contract with Joe W. Thomas, and the contents of certain letters received by him from Joe W. Thomas, which gave the terms of the lease contract. No error was shown in the exclusion of this testimony, for no issue arose as to the terms of the Howell contract. Appellee claimed nothing under that contract either by his pleadings or by his testimony. It was his theory of the case that he entered into a new contract with Joe W. Thomas and under

that contract the Howell premises were delivered to him.

[5] (5) "Improper language used by counsel in argument of a case is ground for the reversal, where there is reason to believe that it influenced the jury."

Thomas died before the suit was tried. Appellee's counsel, in argument to the jury, said to them that if Joe W. Thomas were living he would tell them that appellee was entitled to the possession of the disputed premises. In qualifying appellant's bill of exception to this argument, the trial court said:

"I consider the remarks of Coleman justified in response to remarks on same subject made by Judge Shivers in his argument."

No reversible error is shown under this proposition. Counsel for appellee was only replying to the argument of counsel for appellant.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.