HARRIS et al. v. GREGORY. (No. 12237.)

Court of Civil Appeals of Texas. Fort Worth. Dec. 14, 1929.

S. A. Williams, of Dallas, for appellants.
L. J. Wardlaw, of Fort Worth, for appellee.

CONNER, C. J. This is an appeal from an order of the county court at law No. 2 of Tarrant county, overruling the plea of privilege of D. D. Harris and Motor Shop, Inc., to be sued in Dallas county, the county of their residence. The plea is styled H. H. Gregory v. Henry G. Marshall et al., reciting that the defendants Harris and Motor Shop, Inc., had been cited, and that, at all times involved, the residence of these parties was in Dallas, Dallas county, Tex. The plea further alleged that "no exception to exclusive venue in the county of one's residence,

provided by law, exists in said clause," and the prayer was that the court sustain the plea.

The plaintiff, H. H. Gregory, filed a controverting affidavit, which, in so far as is necessary to state, alleged that, as was to be seen from the plaintiff's petition, the suit was one seeking to foreclose a chattel mortgage lien upon a described Buick roadster automobile; that the mortgage had been executed by one Henry G. Marshall on November 30, 1928, to secure the payment of a promissory note upon which the suit was founded for the principal sum of $353, payable to H. H. Gregory, at Fort Worth, Tarrant county, Tex.; that the mortgage had been duly recorded on December 3, 1928; that the automobile had been removed from Tarrant county to Dallas county by Henry G. Marshall, or some person whose name was unknown, since November 30, 1928, without the knowledge or consent of the plaintiff, Gregory. It was further alleged that the defendants were in possession of and claiming the automobile at the time of the filing of plaintiff's petition on February 25, 1929, and the prayer was that the plea of privilege be overruled.

At a hearing of the plea on April 1, 1929, it was overruled; and hence this appeal.

We overrule appellee's motion to dismiss the appeal. The motion is based upon the proposition that "it does not appear from the record in this case that any petition, containing allegations of fact sufficient to confer jurisdiction upon the trial court, was filed herein." It is a well-known rule that our jurisdiction depends on the jurisdiction of the court a quo.

It is contended that there is no allegation in the plaintiff's petition which states the value of the mortgaged property upon which the plaintiff seeks to foreclose a lien upon personal property. The value thereof must be shown to be within the trial court's jurisdiction. See Myers v. F. Dodson & Son (Tex. Civ. App.) 254 S. W. 1112, and Jaco v. W. A. Nash Co. (Tex. Civ. App.) 269 S. W. 1089.

The plaintiff's petition, in which it is alleged he sought to recover upon a promissory note for $353 and to foreclose an alleged mortgage upon the automobile described, has not been made a part of the transcript in this case, and we are not inclined to indulge the appellee, who was the plaintiff below, in the contention stated, in view of the fact that the parties involved entered into an agreement in writing, made a part of this record, that all papers except defendants' plea of privilege, the controverting affidavit, exceptions to the controverting plea, the order overruling defendants' plea, and assign-

750

ments of error, etc., might be omitted from the transcript. Having instituted the suit, thus invoking the jurisdiction of the court below, and having agreed to the failure of the record to show the fact upon which the motion is predicated, appellee is in no position to complain.

■■ However, we think it immaterial that the plaintiff's petition is not before us. Jurisdiction of courts is of two kinds: First, the courts under our laws relating thereto have jurisdiction of the subject-matter, and this cannot be conferred by the consent of the parties. See Trinity Life & Annuity Society v. Love, 102 Tex. 277, 115 S. W. 26, 116 S. W. 1139; and Hunt v. Johnson, 106 Tex. 509, 171 S. W. 1125. Courts may also have jurisdiction of the persons of whom complaint is made. To this parties may agree, or jurisdiction over the persons may be acquired 'by legal service of citation and notice. See Josey v. Masters (Tex. Civ. App.) 179 S. W. 1134.

■■ The jurisdiction of the trial court over the subject-matter was not involved in the proceeding now before us; issues relating to that subject are determinable on a trial of the case, and not necessarily involved in the hearing of a plea of privilege. Revised Statutes, article 1995, confers upon the inhabitants of this state the right of being sued in the county of their residence, and in article 2007 it is provided that a defendant, sued out of the county of his residence, may present his plea of privilege to be sued therein, and this plea, as said in the case of Comer et al. v. Landrum et al. (Tex. Civ. App.) 277 S. W. 743, is tried on pleadings separate and distinct from pleadings in the suit. To to the same effect is the decision of this court in the case of Shear Co. v. Neely, 214 S. W. 573. As is stated by section A of the Commission of Appeals, in the case of Martin v. Kieschnick et al., 231 S. W. 330: "The issue here is one of venue only, and not of jurisdiction." So that the merits of this appeal must be determined upon the pleadings and evidence relating to the issue of the court's jurisdiction over the person of the defendants. The pleadings consist of the plea of privilege and the controverting affidavit, and nothing therein, as we view the record, shows that the court was without jurisdiction or power under the statutes to determine the appellants' plea of privilege. The motion to dismiss is accordingly overruled, and we are thus brought to a determination of the merits of the appeal.

■ The appellants' plea of privilege was in statutory form, and it is well settled that, when such a plea is filed, the burden is upon the plaintiff to disprove the ·plea. As said in the case of Coalson v. Holmes, 111 Tex. 502, 240 S. W. 896, the burden is not only upon the plaintiff, controverting the

plea, to allege, but he must prove, that the case is within one of the exceptions to the statutes. This statement of the rule is adopted in the case of World Co. v. Dow, by section A of the Commission of Appeals, 116 Tex. 146, 287 S.W. 241.

The statement of facts before us has been duly agreed to by the parties and approved by the court. Therefrom, briefly stated, it appears that one H. G. Marshall executed a chattel mortgage in the usual form, in favor of H. H. Gregory, to secure Gregory in the payment of a certain promissory note for the sum of $353. The mortgage is dated the 30th day of November, 1928, and duly recorded on the 3d day of December of the same year, and recites that H. G. Marshall was "of Tarrant county, Texas."

The next instrument is the duly verified application of H. H. Gregory for a writ of sequestration, alleging that he had instituted a suit in the court from which this appeal has been prosecuted on the 25th day of February, 1929, against the defendants, H. G. Marshall, D. D. Harris, and Motor Shop, Inc., to enforce the collection of the note described in the mortgage, and to foreclose the lien upon the Buick automobile involved; the allegation being that the automobile was in the possession of the defendants. Then follows the writ of sequestration and the officer's return thereon, showing its seizure and replevy by the defendants, fixing a value of less than $1,000.

The plaintiff Gregory testified, among other things, that he had known H. G. Marshall for about a year, and at the time the note was executed he was residing in the city of Fort Worth, Tarrant county, Tex. He testified: "He could not say how long he had been making his home there, but for approximately three months. He told me at that time he was a resident of Tarrant county, Texas, and living there at the hotel." D. D. Harris testified that he lived in Dallas county, and was slightly acquainted with H. G. Marshall, and that "as an actual fact Mr. Marshall lived in Wichita Falls. * * * In my investigation at Wichita Falls, I satisfied myself of his residence up there. When we made this trade (the defendant's purchase of the car in question), he told me his residence was in Wichita Falls. He made a statement in writing about that."

Nothing further pertinent to the issue before us is contained in the statement of facts, and it is to be particularly noted that it does not appear therefrom that the defendant Marshall, the principal in the suit, was a resident of Tarrant county, Texas, at the time the suit was instituted.

In the case of Behrens Drug Co. v. Hamilton & McCarty, 92 Tex. 284, 48 S. W. 5, it was decided by our Supreme Court that one joined as a defendant in a suit against another, because claiming adversely to plain-

tiff property alleged by the latter to have been assigned to him by the debtor as collateral security, is entitled to be sued in the county of his residence, though the suit against such debtor with whom he was joined, was properly brought in a county where neither defendant resided, but where the debt was payable. That case seems very closely in point here, and has been expressly followed in a number of cases. One clearly in point is the case of Tuell v. Roberts, 233 S. W. 103, by the Galveston Court of Civil Appeals. See, also, Breed v. Higginbotham Bros. & Co., 141 S. W. 164, by this court, and W. G. Ross & Son v. Hawthorne, 254 S. W. 580, by the Beaumont Court of Civil Appeals. The only exception to the rule entitling defendants to be sued in the county of their residence, that can have any application whatever to the facts in this case, is exception No. 4, article 1995, of the Revised Statutes. This exception reads as follows:

"If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. The transfer or assignment of a note or chose in action shall not entitle any subsequent holder to sue thereon in any other county than that in which such suit could have been prosecuted if no assignment or transfer had been made."

It follows, therefore, from what we have already said, and from the cases hereinabove cited, that the plaintiff not only failed to bring the defendants within an exception to the general rule, but the proof affirmatively shows that the principal defendant, Henry G. Marshall, resides in Wichita county, instead of in Tarrant county, and hence plaintiff failed to overcome defendants' plea of privilege. The fact that at the time of the execution of the plaintiff's note and mortgage, Marshall was an inhabitant of Tarrant county is not controlling under the decision of Behrens Drug Co. v. Hamilton & McCarty, 92 Tex. 284, 48 S. W. 5, and other cases cited in connection therewith. Nor, in view of those cases, is the fact that the Marshall note was made payable in Tarrant county, and that, hence, as against Marshall, the Tarrant county court had jurisdiction, conclusive. We conclude that the court erred in overruling the defendant's plea of privilege, and that the case, as to the defendants, should be transferred to the proper court of Dallas county.

It is accordingly ordered that the judgment below be reversed, and the cause remanded, with instructions that the trial court transfer the case as against the defendants to the proper court of Dallas county, in accordance with the statutes relating thereto, and that this decision be certified below for observance.