THE BEHRENS DRUG COMPANY v. HAMILTON & McCARTY ET AL.

No. 713. Decided November 21, 1898.

1. Plea of Privilege—Waiver.

A defendant who pleads his right to be sued in the county of his residence and presents such plea at the first opportunity, the decision thereon being passed over by the court until trial upon the merits, does not lose his right by a postponement or subsequent continuance of such hearing on the merits. Aldridge v. Webb, 92 Texas, 122. (P. 286.)

2. Same—Contract to Be Performed in County.

One joined as defendant in a suit against another, because claiming, adversely to plaintiff, property alleged by the latter to have been assigned to him by the debtor as collateral security, is entitled to be sued in the county of his residence, though the suit against such debtor, with whom he was joined, was properly brought in a county where neither defendant resided, but where the debt was payable. Lindheim v. Muschamp, 72 Texas, 35; Cohen v. Munson, 59 Texas, 236, followed. Oxsheer v. Watt, 91 Texas, 402, qualified. (Pp. 286-288.)

ERROR to the Court of Civil Appeals for the Third District, in an appeal from McLennan County.

The Behrens Drug Company obtained a writ of error, upon the affirmance by the Court of Civil Appeals of a judgment of the District Court of McLennan County, in which the plea of privilege by the First National Bank of Comanche was sustained.

*D. A. Kelley* and *Jones & Sleeper*, for plaintiff in error.—The defendant, First National Bank of Comanche, was properly made a party defendant in the action because, under a pretended transfer to it from its codefendants, it had wrongfully seized and converted to its own use the books of account and choses in action which had previously and on the same day been transferred by such codefendants, Hamilton & McCarty, to secure their debt to plaintiff to recover which the suit was brought, and said bank was a necessary party in order to give plaintiff complete

relief. Johnson v. Stratton, 6 Texas Civ. App., 431; Milliken v. Calla-han County, 69 Texas, 206; Templeman v. Gresham, 61 Texas, 50; Tay-lor v. Felder, 5 Texas Civ. App., 417; Zapp v. Johnson, 30 S. W. Rep., 861; Hall v. Hall, 11 Texas, 526; Delespine v. Campbell, 45 Texas, 628; Ewell v. Anderson, 49 Texas, 698.

The First National Bank of Comanche being properly joined as a party defendant to the action, and the indebtedness of Hamilton & Mc-Carty being payable in McLennan County by agreement in writing, the District Court had jurisdiction over the person of the defendant bank. Sayles' Civ. Stats., art. 1198, sub. 5; Oxsheer v. Watt, 42 S. W. Rep., 121; Brigham v. Thompson, 34 S. W. Rep., 358; Middlebrook v. Mfg. Co., 86 Texas, 706.

The defendant bank, being a corporation, was properly suable in any county where the plaintiff's cause of action or a part thereof arose, and the petition of the plaintiff shows that the indebtedness of Hamilton & McCarty, to secure which the transfer of the books of accounts and choses in action wrongfully seized and converted by said bank was made, arose in Waco, McLennan County, Texas, by reason of the fact that the goods in question were sold and delivered to Hamilton & McCarty at Waco, Texas, at which place they promised, in writing, to pay for same. Sayles' Civ. Stats., art. 1198, sub. 21; Equitable Mort. Co. v. Weddington, 2 Texas Civ. App., 373.

The statute requires pleas in abatement and dilatory pleas not involv-ing the merits of the case to be determined during the term at which they are filed, if the business of the term will permit, and continuances of the cause, had at the instance and request of the defendant, constitute a waiver of the plea in abatement, and a submission to the jurisdiction of the court. Sayles' Civ. Stats., art. 1269; Railway v. Reilly, 30 S. W. Rep., 491.

*Lindsey & Goodson*, for defendant in error.

BROWN, Associate Justce.—The Behrens Drug Company filed this suit in the District Court of McLennan County against Andrew L. Ham-ilton and James F. McCarty, partners composing the firm of Hamilton & McCarty, who resided in Comanche County, and against First National Bank of Comanche, Texas, which was located and domiciled in Comanche County. The object of the suit was to recover against Hamilton & Mc-Carty the sum of $1269.50 with interest, the value of goods, wares and merchandise sold to them by the plaintiff, for which they had agreed in writing to make payment in McLennan County, and to recover of the First National Bank of Comanche the value of certain book accounts and choses in action, amounting to $2500, alleged to have been trans-ferred and assigned to the plaintiff by Hamilton & McCarty to secure their indebtedness to the plaintiff; and that after that transfer, Hamil-ton & McCarty had pretended to transfer the same to the First National Bank of Comanche, and the said bank had wrongfully seized and con-

verted them to its own use. The plaintiff's petition was filed December 15, 1896, and on December 26th the defendant bank filed special exceptions to the jurisdiction of the court, on the ground that plaintiff's petition on its face showed no fact which would give the court jurisdiction over the person of the defendant, but the facts alleged showed that the court had no jurisdiction over said bank. Other pleas, not necessary to mention, were filed at the same time.

On the 5th day of January, 1897, which was the appearance day for that case, the cause was regularly called on the appearance docket, and the plaintiff and defendant appeared by their attorneys, when the defendant bank presented to the court its exceptions and pleas in abatement to the jurisdiction of the court. The court heard the argument upon the exceptions to the jurisdiction and inquired of the counsel for both parties if they were ready then to try the case on the merits in event said demurrer was overruled, to which counsel for both parties replied that they were not then ready to proceed with the trial, and the court said he would set the case down for trial on some future day of the term, to be agreed on by counsel, and would pass on said demurrer at that time. The counsel in the presence of the court agreed on the 5th day of March, 1897, a future day of the same term, and the cause was so set down, but was not tried on that day on account of the absence of one of the counsel; but was, by agreement of the counsel, continued until the April term, 1897, counsel for the defendant bank not being present at the time the order was made. At the April term, 1897, the cause was set down for trial, but on account of the absence of the same counsel, it was, by agreement, continued until the July term, 1897, the counsel for the bank not being then present. On the first Monday in July, 1897, all causes which were contested were continued until the October term, 1897, by general order of the court to that effect. On the first day of the October term, 1897, the case was set down to the 19th day of that month, and on that day, being called, the First National Bank of Comanche again presented to the court its exceptions to the jurisdiction, the plaintiff then objecting to the consideration of the exceptions on the ground that the exceptions had been waived by the continuance of the case from term to term, which objection was overruled, the exceptions sustained, and, the plaintiff declining to amend, the cause was dismissed as to the bank and judgment rendered against Hamilton & McCarty. The Court of Civil Appeals affirmed the judgment of the District Court.

By presenting its exceptions to the jurisdiction of the court at the first opportunity, the First National Bank of Comanche complied strictly with the requirements of the statute and the rules of court, and the failure of the presiding judge to decide the issue promptly did not deprive the bank of its right to have the question determined. Neither did the subsequent continuances of the case operate as a waiver of the exceptions. Aldrich v. Webb, ante, p. 122.

The drug company could maintain its suit in McLennan County against Hamilton & McCarty, because they had promised to pay the debt

in that county, but it could not join the First National Bank of Co-
manche as a defendant in that suit, because it was not a party to that
contract. Lindheim & Bro. v. Muschamp, 72 Texas, 35; Cohen v. Mun-
son, 59 Texas, 236.

Article 1194 of the Revised Statutes is in the following words: "No
person who is an inhabitant of this State shall be sued out of the county
in which he has his domicile, except in the following cases:

"(4) Where there are two or more defendants residing in different
counties, in which case the suit may be brought in any county where any
one of the defendants resides.

"(5) Where a person has contracted in writing to perform an obliga-
tion in any particular county, in which case it may be brought either
in such county or where the defendant has his domicile."

Hamilton & McCarty resided in Comanche County and the bank had
its domicile there. The case, therefore, does not fall within exception 4,
because neither defendant resided in McLennan County. The bank not
having contracted in writing to perform the obligation in McLennan
County, the case does not come within the terms of exception 5. It is
claimed that the District Court of McLennan County, having jurisdic-
tion of the defendants, Hamilton & McCarty, had jurisdiction also of all
proper parties to the suit. The fifth exception permits suit to be brought
where the contract is to be performed, against the promissor, but it does
not authorize the joining of one not a party to the obligation. The one
agreed to be sued there, the other has not. The plaintiff had the choice
to sue Hamilton & McCarty in McLennan County, or all of the defend-
ants in Comanche County.

In the case of Lindheim & Bro. v. Muschamp, cited above, the suit
was upon a contract to build a house in Val Verde County, the contractor
giving a bond for the faithful performance of that contract. He and his
sureties lived in Kinney County. The sureties pleaded to the jurisdic-
tion of the court, which plea was sustained by the District Court and
affirmed by the Supreme Court. In deciding the question, the court
said: "The sureties on the bond were liable only upon condition that
their principal failed to perform his contract, and the bond is not made
payable in any particular place. The engagement entered into by Mus-
champ to construct the building was one contract, and the bond was
another, each separate and distinct from the other. The liability upon
the latter was dependent entirely upon the performance or nonperform-
ance of the former. In order to give jurisdiction to the court in which
this suit was brought, the bond must have been made payable in Val
Verde County. To entitle a plaintiff to sue in a county other than the
residence of the defendant, he must bring his case clearly within some
exception named in the statute."

This question was presented in the case of Oxsheer v. Watt, 91 Texas,
402, but was not discussed in the opinion of the court. It was never-
theless decided, this court holding that the suit could be prosecuted in
the county where the contract was payable, and, although neither of the

defendants lived there, that court had jurisdiction of Oxsheer, who was not a party to the contract, but claimed and had possession of the property on which plaintiff sought to foreclose a mortgage lien. That case seems to be in conflict with the decision in the present case, and in so far as it is in conflict with this opinion, it is hereby overruled.

We find no error in the judgment of the Court of Civil Appeals, and it is therefore affirmed.

*Affirmed.*