### TUELL v. ROBERTS et al.  (No. 8064.)

(Court of Civil Appeals of Texas. Galveston. May 26, 1921. Rehearing Denied June 23, 1921.)

1. Venue ⊛⇒22(1)—That one defendant may be sued in one county does not authorize maintenance against other defendants residing in different counties.

The fact that suit may be brought against one of several defendants in one county does not authorize its maintenance against other defendants who reside in different counties, unless the defendant of whom the court has jurisdiction resides in the county in which the suit is brought, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1830.

2. Venue ⊛⇒22(1)—One acquiring mortgaged chattel out of county not party to chattel mortgage for purpose of suit in county where mortgage was executed.

One acquiring mortgagor's title to an automobile with knowledge of the mortgage and notes, did not thereby make himself a party to the contract evidenced by the mortgage and notice, so as to give the mortgagee the privilege of bringing suit to foreclose in the county where the mortgage and notice were executed, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1830.

Appeal from Harris County Court; Roy F. Campbell, Judge.

Action by W. C. Roberts against C. M. Tuell and another. From judgment for plaintiff, the named defendant appeals. Reversed and remanded, with instructions.

Cooper & Merrill, of Houston, for appellant.

Fouts & Patterson, of Houston, for appellees.

PLEASANTS, C. J. This suit was brought by appellee W. C. Roberts against B. L. Horton and C. M. Tuell, to recover from Horton the sum of $650 due upon 10 promissory notes executed by him in favor of Roberts, and payable in Harris county, and to foreclose against both defendants a mortgage lien, given by Horton to secure the payment of the notes, upon an automobile described in the petition. The petition alleges:

"That at the time said mortgage was executed, the said B. L. Horton was a president of Harris county, Tex., and said automobile was situated in Harris county, and said chat-

---

⊛⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*John W. Shartel*

tel mortgage was forthwith filed for registration in said county. That afterwards said B. L. Horton removed the property from Harris county, Tex., without the knowledge or consent of appellee Roberts, and that the same was at the time of the filing of said suit in the possession of the appellant, C. M. Tuell, in the city of Amarillo, Potter county, Tex., and that appellant was asserting some title or claim thereto."

The residence of the defendant Horton is alleged to be unknown.

Appellant in due time filed a plea of privilege to be sued in the county of his residence. To this plea appellee Roberts filed a controverting affidavit, and upon a hearing on the plea and the contest thereof, judgment was rendered overruling the plea, from which judgment this appeal is prosecuted.

The only question presented by the appeal is the proper construction of the fourth exception to our general venue statute (article 1830, Vernon's Sayles' Civil Statutes), which provides that where there are two or more defendants residing in different counties suit may be brought in the county in which any one of the defendants resides. This is the only provision of our venue statute under which appellee claims the right to maintain his suit against appellant in Harris county, and we think it clear that this statute cannot be so construed.

[1] The facts are undisputed. Appellant lives in Potter county where he purchased the automobile from Horton, and now has it in his possession. The residence of the defendant Horton being unknown, suit against him could be maintained on that ground in Harris county, where plaintiff resides, as well as on the ground that the notes executed by him were payable in said county. But the fact that the suit can be brought against one of several defendants in one county does not authorize its maintenance against the other defendants, who reside in different counties, unless the defendant of whom the court has jurisdiction resides in the county in which the suit is brought. The language of the statute is plain and unambiguous, and leaves no room for construction. Behren Drug Co. v. Hamilton & McCarty, 92 Tex. 284, 48 S. W. 5.

[2] Appellee contends that—

"Appellant, by acquiring the mortgagor's title to the automobile upon wh'ch is sought a foreclosure of the lien sued upon, did so with knowledge of appellee's chattel mortgage and the notes sued upon, and thereby made himself a party to the contract evidenced by said chattel mortgage and notes, and took title to said automobile in acquiescence and subject to every contract right vested in appellee by virtue of said chattel mortgage and said notes, including the privilege of bringing this suit in Harris county."

This contention was upheld by the Court of Civil Appeals for the Third District in the case of Oxsheer v. Watt, 42 S. W. 121, in which the court, in discussing the questions, says:

"There was no error in overruling the plea of W. W. Oxsheer [the purchaser of the mortgaged property] to the jurisdiction of the court over his person. He was properly joined as defendant, being in possession of the property upon which it was sought to foreclose the mortgage; and, the notes sued on being made payable in McLennan county, the suit was properly brought in that county on the notes and to foreclose the mortgage. This necessarily drew W. W. Oxsheer to the jurisdiction of the county where the suit was brought, he being a necessary party to the suit. Sayles' Rev. Civ. St. art. 1198, subd. 5; Hall v. Hall, 11 Tex. 526; Delespine v. Campbell, 45 Tex. 628; Ewell v. Anderson, 49 Tex. 698; Templeman v. Gresham, 61 Tex. 53. If W. W. Oxsheer was not a necessary, but only a proper, party to the suit of foreclosure, the court where the suit was properly brought against the other two defendants would also have jurisdiction of his person, though he resided in another county; and the venue as to him would be properly laid in the county where the suit was brought. The suit should not have been split into two suits, because one proper defendant resides in a county other than that in which the suit is instituted."

Upon writ of error to the Supreme Court the judgment in this case was affirmed, but the opinion of the Supreme Court does not discuss the question of venue. In the later case of Drug Co. v. Hamilton & McCarty, supra, the Supreme Court expressly overrules the holding in the Oxsheer Case on the question of venue. The Drug Company case is, we think, conclusive of the question presented by this appeal. It may be that there is no sound reason for not permitting a defendant to be sued out of the county of his residence in a case of this kind, but the Legislature has not seen fit to make such an exception to the general statute which protects the citizen in the valuable right to have suits against him tried in the county of his residence, and the courts cannot engraft such an exception upon the statute.

These conclusions require that the judgment of the court below be reversed and the cause remanded, with instructions to the trial court to sustain appellant's plea of privilege, and unless appellant is dismissed from the suit to transfer the cause to the county court of Potter county, and it has been so ordered.

Reversed and remanded, with instructions.