**BOLAN et al. v. WRATHER.    (No. 1928.)**

(Court of Civil Appeals of Texas. Amarillo. March 15, 1922.)

**1. Principal and agent ⊜═145(2)—Undisclosed principal not liable on paper executed in agent's name.**

Under Negotiable Instruments Law, § 18, declaring that no person is liable whose signature does not appear on the instrument, an undisclosed principal may not be held liable on negotiable paper executed by the agent in his own name.

**2. Partnership ⊜═146(2)—Copartners generally not liable on note in individual name of member, though for partnership purposes.**

As a general rule, when the name of one partner only appears on the bill or note, the copartners are not liable, though the instrument was used for partnership purposes, unless the partnership was doing business in the name of that partner, or had not adopted a firm name.

**3. Courts ⊜═90(1)—Decision rendered in 1873 not as binding as those of constitutional courts.**

A decision rendered by a Supreme Court in 1873 is not binding as a precedent to the same extent as are the decisions of the constitutional courts of the state.

**4. Venue ⊜═7—Petition held not to show right to sue partner of makers on note outside of county of residence.**

A petition, alleging that plaintiff sold well casing to a partnership composed of all the defendants, and that the note given therefor, which was payable within the county where the suit was brought, was signed by only one partner, does not state facts entitling plaintiff to sue the other partners in the county where the note was payable, under Rev. St. art. 1830, § 5.

**5. Venue ⊜═22(1)—Partners of maker of note cannot be sued to enforce lien against their interest outside of the county of their residence.**

Rev. St. art. 1830, § 5, permits a suit to be maintained on a written obligation in the county where it is payable only as against the parties to the obligation, so that partners of the maker of a note who resided in a county other than that in which it was payable, and who did not sign the note, cannot be sued in the latter county for the purpose of enforcing the lien against partnership property in payment for which the note was given.

Appeal from District Court, Potter County; Henry S. Bishop, Judge.

Suit by J. R. Wrather against J. S. Bolan, I. P. Lochridge, and others. From a judgment overruling the plea of privilege of I. P. Lochridge and others, defendants appeal. Reversed, with instructions to sustain the plea.

Garrett, Brownlee & Goldsmith and N. A. Rector, all of Austin, and Veale & Lumpkin, of Amarillo, for appellants.

Stone, Miller & Guleke, of Amarillo, for appellee.

BOYCE, J. J. R. Wrather brought this suit to recover on two promissory notes executed by J. S. Bolan and to foreclose a chattel mortgage and materialman's lien on certain well casing. I. P. Lochridge, W. E. Long, F. W. Sternenberg, Wilbur P. Allen, Ernest Nalle, Harvey Harrell, H. A. Rowe, C. L. Crockett, E. P. Cravens, R. M. Thompson, N. A. Rector, Wm. H. Gerhardt, W. H. Folts and Fred Fisher, who are the appellants herein, together with certain other persons, were made defendants on allegations of liability later set out. I. P. Lochridge, and the codefendants named with him above, pleaded their privilege of being sued in the county of their residence, Travis county. This plea, on hearing, was overruled, and said parties prosecute this appeal. The notes sued on were executed by J.

⊜═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

S. Bolan, and are payable in Potter county, Tex. Plaintiff alleged that the said Bolan executed a chattel mortgage on 4,436 feet of well casing, purchased by Bolan from the plaintiff, said casing being at the time in Stephens county, Tex., and intended to be used, and later used, in the drilling of a well by Bolan in said county. It was further alleged: That the defendants other than Bolan were jointly interested in the drilling of said well for the purpose of producing oil, gas, and other minerals and, in the purchase of said casing by Bolan. That the casing was in fact used in drilling said well for the joint benefit of each of the defendants, and that each and all of said defendants became partners with the said Bolan in the drilling of said well and in the purchase of said casing, and became jointly liable and responsible for the payment of said notes, etc. That the said Bolan purchased said casing to be used on the common property of the defendants, and that the interest of each of the defendants in said property became liable as security for the payment of said notes, and that the mortgage referred to, executed by J. S. Bolan, "was in contemplation of law and in fact a contract materialman's lien and mortgage lien upon said premises." None of the defendants were alleged to be residents of Potter county, where the suit was brought. Some of them were alleged to reside in Travis county, Tex., and others in Stephens county, Tex. The appellants filed their plea of privilege, containing the statutory allegations, and in addition thereto alleging that the allegations of partnership and joint liability with J. S. Bolan were fraudulently made for the purpose of securing venue in Potter county. The appellee filed a contest of this plea of privilege, and in this contest alleged that said notes were given in payment for the well casing referred to in plaintiff's petition; that the same was used in the improvement of defendants' property, "for which plaintiff claims a constitutional lien against said premises." That each of the defendants are interested in said property in proportion to the amount that they have invested therein and participate in the profits in proportion to their investments. That they are engaged in a joint enterprise, "and are each jointly and severally liable for the price of the casing which went to improve their said properties, and that said price was and is represented by the notes above described." He further denied that the allegations of joint liability with J. S. Bolan were fraudulently made. Considerable evidence was introduced on the trial of the issue as to whether under the contracts by which appellants purchased an interest in the oil and gas produced and saved from the land under lease they became jointly liable for the expense of drilling and casing wells drilled thereon. The disposition we make of the case renders it unnecessary to set out this evidence or state any conclusion as to its effect.

It will be apparent from the foregoing statement that venue in Potter county can only be maintained by virtue of the fifth subdivision of article 1830, R. S., which provides one of the exceptions to the right of a defendant to be sued in the county of his residence, to wit:

"Where a person has contracted in writing to perform an obligation in any particular county, in which case suit may be brought either in such county, or where the defendant has his domicile."

Two inquiries, which we will proceed to consider, are suggested by the reading of this provision of the statute: (1) Whether the allegations of the petition are sufficient to show that the appellants have contracted in writing to perform an obligation in Potter county; (2) if not, may venue be maintained as to them by reason of their joinder with the defendant J. S. Bolan, who unquestionably may be sued in Potter county?

[1] Section 18 of the Negotiable Instruments Law of 1919, at page 193, reads as follows:

"No person is liable on the instrument whose signature does not appear thereon, except as herein otherwise expressly provided. But one who signs in a trade or assumed name will be liable to the same extent as if he had signed in his own name."

This is a restatement of an established principle of commercial law. This principle was thus stated by the Supreme Court in the case of Texas Land & Cattle Co. v. Carroll, 63 Tex. 51:

"The general rule is that an agent should execute a contract in the name of his principal, and in reference to negotiable instruments it is well settled that no one can be charged thereon unless his name appears as a party to the paper in some relation." Sanger v. Warren, 91 Tex. 472, 44 S. W. 477, 66 Am. St. Rep. 913; Adams v. First National Bank (Tex. Civ. App.) 178 S. W. 997; Daniel on Neg. Insts., § 303.

[2] It seems to be well established that under the application of this rule the undisclosed principal may not be held liable on negotiable paper executed by the agent in his own name. The rule, subject to some adaptations in those cases where the partnership may be doing business in the name of one or more of the partners, or where it may not have adopted a firm name, and perhaps in other situations peculiar to the law of partnership, has been applied to negotiable instruments executed by one partner for the benefit of the partnership, but not in the partnership name. Daniel in his work on Negotiable Instruments, §§ 360, 363, states the law thus:

"In general, when the name of one partner only appears on the bill or note, his copart-

ners would not be chargeable, although the instrument were used for partnership purposes, unless indeed the firm transacted business in his name. * * * The principle is simply this: That when it can be collected from the face of the paper that the signing partner intended to bind the firm, it will be bound, otherwise not. Section 360. * * * Sometimes the firm transacts business in the name of a single partner, and questions often arise whether or not paper executed in the name of a single partner was intended as his only or as that of the firm. Prima facie it is to be presumed to be the paper of the individual partner whose name is signed to it and the burden of proof is upon the holder to show affirmatively that the signature was intended for the signature of the firm. * * * Judge Storey has said on this subject: 'Where the business is carried on in the name of one of the partners and his name alone is the name of the firm, it is necessary, not only to prove the signature, but that it was used as a signature of the firm by a party authorized to use it on that occasion and for that purpose. In other words, it must be shown to be used for partnership objects and as a partnership act. The proof of the signatures is not enough. The burden of proof is upon the plaintiffs to establish that it was a contract of the firm and ought to bind them.' " Section 363.

In Lindley on Partnership, p. 180, it is said:

"In order therefore, that a bill or note may be binding on a firm, the name of the firm or the names of all of its members must be upon it, and if the names of one or more of the partners only are upon it, the others will not be liable to be sued upon the instrument whatever may be their liability as regards the consideration for which it may have been given."

To substantially the same effect see, also, Bates on Partnership, §§ 439–443; Storey on Partnership, § 142. In the case of Crozier v. Kirker, 4 Tex. 256, 51 Am. Dec. 724, the Supreme Court says:

"In all contracts concerning negotiable paper, the act of one partner binds all, even though he signs his individual name, if it appear on the face of the paper, to be on partnership account, and to be intended to have a joint operation."

[3] The opinion in the case of Sessums v. Henry, 38 Tex. 37, assumes that a "principal or partner" might be bound by a contract executed by the agent for their benefit, though in his own name, and without distinction between negotiable and nonnegotiable instruments. The distinction recognized by the authorities generally, as above stated, and by later decisions of this state, does not appear to have been suggested, and was probably not considered. The case is not binding as a precedent to the same extent as are the decisions of the constitutional courts of this state. Taylor v. Murphy, 50 Tex. 295; Peck v. San Antonio, 51 Tex. 492. The decision of the particular facts of the case is sustained by that rendered on a very

similar state of facts in the case of Alex Woldert Co. v. Citizens' Bank (Tex. Civ. App.) 234 S. W. 124. This latter case does admit the general rule of commercial law, above stated, but holds it not to be applicable by reason of the particular facts of the case. So we would not feel justified in ignoring the settled principles of law on the authority of the case of Sessums v. Henry. The court, in the case of Caraway v. Citizens' National Bank of Weatherford (Tex. Civ. App.) 29 S. W. 508, states the rule in its application to a different situation from that presented by any of the authorities already referred to thus:

"The doctrine seems to be that, where no firm name has been adopted, a note in the name of one of the partners will bind the firm, when it is done for a firm purpose and on the credit of the firm, and such is the understanding of the parties to the transaction. 1 Bates, Partn. § 201."

The conclusion reached on the facts in the case of Dockery v. Faulkner (Tex. Civ. App.) 101 S. W. 501, is in accord with the principles announced by the authorities already quoted from, though some statements are made in the opinion which may be in some particulars inconsistent therewith. But in any event the statement of the law as therein made is fatal to any claim that the allegations of plaintiff's petition or his controverting plea in this case are sufficient to charge any liability of the appellants on the note executed by Bolan. We quote the following from the opinion of the court in that case, rendered on rehearing:

"We recognize the general rule that when the name of one partner appears on a bill or note, his copartners would not be chargeable, although the instrument was used for partnership purposes, unless the firm transacted business in his name. * * * And while prima facie only the partner is bound who signs the instrument, it is permissible to show affirmatively that the signature was intended for the signature of the firm."

[4] The allegations of plaintiff's petition and of his controverting plea are not sufficient under the rule as stated by any of the authorities referred to, to charge liability of the appellants on the notes. The substance of all these allegations is that the casing was bought by Bolan and used for the joint benefit of the defendants, and that Bolan alone executed the note to the plaintiff. The allegations, therefore, do not charge that the appellants have "contracted in writing to perform an obligation in" Potter county. It appears from the petition and the facts introduced on the trial of the plea that plaintiff's cause of action, if any he has, against appellants, is not on the note executed by Bolan, but on the consideration for which it was given and for a foreclosure of the plaintiff's lien on whatever interest appellants have in the casing bought by Bolan; and the

next question is whether venue as to such cause of action may be maintained by reason of the fact that Bolan may be sued on the note in Potter county.

[5] The question just stated is answered by the decision of the Supreme Court in Behrens Drug Co. v. Hamilton, 92 Tex. 284, 48 S. W. 5, and Lindheim v. Muschamp, 72 Tex. 33, 12 S. W. 125, where it is held that venue under section 5, art. 1830, R. S., may be maintained only as to persons who are parties to the written obligation to be performed in the county where the suit is brought, and that defendants not parties to such written obligation, though proper parties to the suit, may not be joined with the party executing the obligation and sued out of the county of their residence. See, also, Tuell v. Roberts (Tex. Civ. App.) 233 S. W. 103.

Since the petition does not on its face show venue as against appellants, it is not necessary to consider any question as to fraudulent allegations conferring venue. We may add that the facts proven on the trial of the plea do not indicate that the appellee might amend his pleading so as to charge liability on the note so that we need not consider whether under other circumstances we should permit the appellee an opportunity of amending his pleadings. The judgment will be reversed, with instructions to the lower court to sustain the appellants' plea of privilege and transfer the case to Travis county, or to Stephens county, at plaintiff's election, unless the plaintiff shall dismiss the suit as to appellants.