### KRUEGER v. WAUGH.    (No. 8465.)*

(Court of Civil Appeals of Texas. Galveston. Feb. 21, 1924. Rehearing Denied March 27, 1924.)

**1. Pleading �köm104(2)—Plea of privilege in action for fraud need not allege bad faith of plaintiff.**

In an action for fraud under Rev. St. art. 1830, § 7, brought in the county where perpetrated, plea of privilege, under article 1903, to be good against a general demurrer, need not aver plaintiff's bad faith in alleging fraud to confer jurisdiction.

**2. Venue �köm32(2)—Carrying over of hearing on plea of privilege without parties' insistence on trial held not waiver of plea.**

Defendant's failure to insist on trial and court's postponement on its own motion of the hearing on a plea of privilege to a succeeding term, without a recitation in the order that it was without prejudice was not a waiver of the plea.

**3. Venue �köm22(1)—One charged jointly for fraud held entitled to be sued in county of his or codefendant's residence.**

In an action against three defendants for fraud, charging joint liability under Acts 36th Leg. (1919) c. 43 (Vernon's Ann. Civ. St. Supp. 1922, arts. 3973a–3973c), and receipt of benefits therefrom in the county where action is brought, other than that of any defendant's residence, an order sustaining a plea of privilege of one defendant, in effect finding that he did not participate in the fraud was proper, as he had a right under Rev. St. art. 1830, subd. 4, to be sued in the county of his or another defendant's residence.

Appeal from District Court, Burleson County; R. J. Alexander, Judge.

Action by A. G. Krueger against A. M. Waugh and others. From an order overruling a plaintiff's demurrer to a plea of privilege filed by the named defendant and sustaining the plea, plaintiff appeals. Affirmed.

W. M. Hilliard, of Caldwell, for appellant. Peareson & Peareson, of Richmond, for appellee.

GRAVES, J. This appeal is from an order of the district court of Burleson county sustaining the plea of privilege of A. M. Waugh to be sued in the county of his residence, Harris county.

Appellant filed the suit in Burleson county against George E. Blohn, G. D. Ulrich, and A. M. Waugh as defendants, alleging that Blohn resided in Harris county, that Ulrich and Waugh both resided in Fort Bend County, and claiming venue in Burleson county against all three defendants pursuant to section 7 of article 1830, Revised Statutes, under allegations that a fraud had been committed on him in Burleson county in connection with the sale to him of the Republic Tire Company, a Houston corporation, which sale, it is charged, had been accomplished by Blohn in Burleson county in pursuance of a conspiracy with that objective between him and the other two defendants.

Appellee Waugh filed his sworn plea of privilege as prescribed in present 'article 1903, Revised Statutes. Appellant replied with a controverting affidavit consisting of a general demurrer and the allegations of fraud referred to.

The trial court first set the hearing on the matter for May 30, 1922, ordering the clerk to give notice thereof. On the date so set the trial court entered an order resetting the hearing on the plea of privilege for the next term of court, fixing it for Monday, November 20, 1922, at the same time directing that no notice of such resetting be given.

On November 20, 1922, the court overruled appellant's general demurrer, heard the evidence, and sustained the plea of privilege, from which order this appeal proceeds.

[1] Appellant contends in this court that his general demurrer to the appellee's plea of privilege should have been sustained, because there is no allegation in the plea that the averments of fraud made by the plaintiff in his petition were fraudulently made for the purpose of conferring jurisdiction over the person of the defendant Waugh in the trial court; that is, that it is necessary, where fraud is alleged as the ground of the venue, for the defendant so sought to be held to go further than is specifically required in Revised Statutes, art. 1903, and charge that the allegations of fraud are not made in good faith, but solely for the purpose of conferring jurisdiction over the person of the defendant.

To this contention we cannot agree. Prior to the amendment of that article it was so

---

⊧köm For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction May 21, 1924.

held in some cases, but since the change of the article to its present form it has been directly determined by two of our Courts of Civil Appeals that a plea of privilege is sufficient if it conforms to the present requisites of that article. See Ray v. Kimball (Tex. Civ. App.) 207 S. W. 351; Murphy v. Dabney (Tex. Civ. App.) 208 S. W. 981–984.

[2] It is next argued that the carrying over by the court of the hearing on the plea of privilege to another term, without a recitation in the order that it was without prejudice, operated as a waiver of the plea against the appellee, he having permitted that to be done without insisting on a trial of it at the first term.

Neither can this be sustained; it is shown in the record that the trial judge made this order of continuance and resetting on his own motion, because of some doubt he then entertained as to the sufficiency of service on the appellee of notice of the contest by appellant of his plea, and it is not thought the court would have less authority over the dispatch of its business in this respect than in any other. But, apart from that consideration, the question has been directly settled adversely to appellant's contention in several opinions of the Commission of Appeals, approved by the Supreme Court. Craig et al. v. Pittman et al., 250 S. W. 667; Schumacher v. Dolive, 112 Tex. 564, 250 S. W. 673; Henry v. Henry, 251 S. W. 1038.

[3] Appellant's concluding assignments assert error in the action sustaining the plea on the ground that, since appellee was charged jointly with the other defendants with having perpetrated a fraud upon him in Burleson county, the cause of action against him was not severable from that against them.

In this connection the act of the 36th Legislature, Regular Session, c. 43, p. 77 (being articles 3973a–3973c, inclusive, of the present Revised Statutes), is invoked; it being urged that a case of fraud within the meaning and purview of that act was in this instance shown to have been committed in Burleson county by appellee's business associates and codefendants below, at least in so far as was necessary to confer venue against them there, and that he was jointly interested with them in, had subsequent knowledge of, and ratified the transaction, after receiving and retaining the benefit of the fraud inhering in it, and consequently was also properly held to be answerable in that county. Pretermitting a consideration of whether or not any such fraud was so committed by either of his codefendants, the judgment in his favor must be construed as a finding by the trial court that the appellee did not participate therein with them; the legal question involved here then as to him simply becomes one as to whether he could be held in Burleson county on a mere averment of joint liability with them

when neither he nor either of them were alleged to or in fact did reside there. We are clearly of opinion that he could not be, whatever might be determined to be the purport and effect of this act of the 36th Legislature; while we have serious doubt as to the constitutionality of the act, it should not, even were its validity assumed, be so construed, we think, as to nullify or set at naught the requirement of the venue statute applicable at this juncture, that is, subdivision 4 of R. S., art. 1830; it provides that where two or more defendants reside in different counties the suit may be brought in any county where any one of them resides, but it is mandatory that one of them must reside in the county where the venue is laid; that has been directly held both by the Supreme Court and this court. Behrens Drug Co. v. Hamilton et al., 92 Tex. 284, 48 S. W. 5; Tuell v. Roberts (Tex. Civ. App.) 233 S. W. 103.

It follows from both the allegations of the petition in this suit and the undisputed proof under it, no one of the defendants being residents of Burleson county, that the appellee could not be required to answer there.

These conclusions require an affirmance of the trial court's judgment; that order will be entered.

Affirmed.