ULRICH et al. v. KRUEGER.    (No. 8531.)

(Court of Civil Appeals of Texas. Galveston. Oct. 16, 1924. Rehearing Denied May 14, 1925.)

1. **Appeal and error** ☞1024(3)—**Order overruling plea of privilege not reversed merely because evidence preponderates against it.**

On appeal from order overruling a plea of privilege, appellate court will not reverse disposition, merely because evidence may preponderate against it, but will affirm trial court's action, where there is enough evidence to raise issue of fact as to whether or not alleged ground of venue existed.

2. **Fraud** ☞9—**Statute held inapplicable to purchase of entire business of corporation.**

Acts 36th Leg. (1919) c. 43 (Vernon's Ann. Civ. St. Supp. 1922, arts. 3973a–3973c), relating to actionable fraud with regard to transactions in real estate, stock of corporations or joint-stock companies, is inapplicable to purchase of entire business and property of a tire company; no mention being made of its stock as such or of any shares therein.

3. **Constitutional law** ☞243—**Fraud** ☞30—**Provision making one deriving benefit from fraud liable for damages unreasonable and discriminatory.**

Provision of Acts 36th Leg. (1919) c. 43 (Vernon's Ann. Civ. St. Supp. 1922, arts. 3973a–3973c), apparently making one merely deriving benefit from fraud practiced by others liable not only for all actual damages suffered, but also for exemplary damages as well, is an unreasonable and discriminatory requirement.

4. **Venue** ☞19—**Statute relating to joint liability for fraud held not to warrant laying of venue in county in which neither defendant resides.**

Acts 36th Leg. (1919) c. 43 (Vernon's Ann. Civ. St. Supp. 1922, arts. 3973a–3973c), relating to action for fraud in regard to transactions in real estate or in corporate stock and joint liability of persons deriving benefit therefrom, does not nullify mandatory requirement of Rev.

St. art. 1830, subd. 4, that in suit against two or more defendants, residing in different counties, venue must be laid in county where one of them resides.

Error from District Court, Burleson County; R. J. Alexander, Judge.

Action by A. G. Krueger against G. D. Ulrich, George E. Blohm, and another, in which defendants named separately filed pleas of privilege. From orders overruling their pleas of privilege, defendants named bring error. Affirmed.

A. M. Waugh, of Houston, and Peareson & Peareson, of Richmond, for plaintiffs in error.

W. M. Hilliard, of Caldwell, for defendant in error.

GRAVES, J. This appeal is from orders of the district court of Burleson county overruling the pleas of privilege of G. D. Ulrich and George E. Blohm to be sued in the counties of their residence, Ft. Bend and Harris counties, respectively.

Defendant in error filed the suit in Burleson county against George E. Blohm, G. D. Ulrich, and A. M. Waugh as defendants, alleging that Blohm resided in Harris county, that Ulrich and Waugh both resided in Ft. Bend county, and claiming venue in Burleson county against all three defendants pursuant to section 7 of article 1830, Revised Statutes, under allegations that a fraud had been committed on him in Burleson county in connection with the sale to him of the Republic Tire Company, a Houston corporation, which sale, it is charged, had been accomplished by Blohm in Burleson county in pursuance of a conspiracy with that objective between him and the other two defendants. Plaintiffs in error separately filed their sworn pleas of privilege as prescribed in present article 1903, Revised Statutes. Defendant in error replied with a controverting affidavit consisting of a general demurrer and the allegations of fraud referred to. On November 20, 1922, the court overruled defendant in error's general demurrer, heard the evidence, and overruled the two pleas of privilege, from which orders this appeal proceeds.

An appeal from a third order, made at the same time, sustaining a like plea filed by the other original defendant, A. M. Waugh, was affirmed by this court February 21, 1924. See Krueger v. Waugh (Tex. Civ. App.) 261 S. W. 196.

On this appeal plaintiff in error Ulrich (and his brief is adopted by his colitigant Blohm, and is therefore operative as far as applicable in favor of both) contends that the evidence adduced on the hearing fails to show a cause of action coming within the terms of section 7 of Revised Statutes, art. 1830, in that it is not shown "that he

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

committed, in person, or by agent, or conspirator, an actionable fraud upon Krueger in Burleson county, Tex."

[1] We do not think on appeal from an order overruling a plea of privilege this court should reverse the judgment and order other disposition of the cause merely because the evidence may preponderate against it, but should affirm the trial court's action where there is enough evidence to raise an issue of fact over whether or not the alleged ground of the venue existed; especially would this course commend itself to us as being the appropriate one where, as here, both the venue as laid and the liability of the defendants sued depend upon proof of the same fact; that is, fraud in this instance. So viewing the matter, it is only necessary to determine whether or not such question of fact was raised here.

After a careful examination of the statement of facts, we conclude that the issue of whether or not there was such fraud in Burleson county as to make both plaintiffs in error suable there was raised; in view, however, of the situation already adverted to, we do not deem it proper to discuss the evidence in advance of a trial upon the merits. Bank v. Childs (Tex. Civ. App.) 231 S. W. 807; Kelly v. Britton (Tex. Civ. App.) 240 S. W. 1114.

It is sufficient, in substantiation of the conclusion reached, to say generally that, while we agree with plaintiffs in error that there was no evidence of any probative force tending to show either a fraudulent conspiracy between them or to bind Ulrich for any fraudulent acts of Blohm as agent for him, there was testimony tending to connect both directly with responsibility for the written statement of the tire company's business of August 30, 1920, which was furnished Dr. Krueger as an inducement to his purchase by Blohm in Burleson county, and to indicate that it did not truthfully reflect the company's real condition at that time; if true, this would undoubtedly constitute actionable fraud against both parties in the county of the suit.

[2] Plaintiffs in error in their brief also attack the applicability here and the general validity of the Act of Thirty-Sixth Legislature, Regular Session, c. 43, p. 77 (being articles 3973a–3973c, inclusive, of the present Revised Statutes [Vernon's Ann. Civ. St. Supp. 1922]).

[3] We agree with them in both contentions; that act, by express restriction, only has to do with "transactions in real estate or in stock in corporations or joint-stock companies," and this deal was neither; by the undisputed evidence it was the outright purchase by Dr. Krueger—"lock, stock and barrel"—of the Republic Tire Company, a corporation, its entire business and property, and no mention is made anywhere of its stock as such or of any shares therein. The cause therefore does not come within the purview of that act at all; but if it did, as presaged in our opinion in the Waugh Case, 261 S. W. at page 197, this court would hold invalid and void that provision of the act which apparently makes one merely deriving benefit from the fraud practiced by others liable not only for all the actual damages suffered, but also for exemplary damages as well—an unreasonable and discriminatory requirement, we think. It further seems to us that other objects thereinafter legislated upon are not sufficiently indicated in the title of the act.

[4] But, even if this law is not unconstitutional, it would not justify the venue as laid—neither of these plaintiffs in error being residents of Burleson county—for the reason thus stated by this court in the Waugh Case, supra:

"It should not, even were its validity assumed, be so construed, we think, as to nullify or set at naught the requirement of the venue statute applicable at this juncture, that is, subdivision 4 of R. S. art. 1830; it provides that where two or more defendants reside in different counties the suit may be brought in any county where any one of them resides, but it is mandatory that one of them must reside in the county where the venue is laid; that has been directly held both by the Supreme Court and this court. Behrens Drug Co. v. Hamilton et al., 92 Tex. 284, 48 S. W. 5; Tuell v. Roberts (Tex. Civ. App.) 233 S. W. 103."

Pursuant to these conclusions, the judgment of the trial court has been affirmed.

Affirmed.