DE MARS v. MONTEZ. (No. 7429.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 14, 1925.)

1. Pleading ⟨key⟩ III—Issue raised by plea of privilege may be tried with whole case or alone.

Issue raised by plea of privilege may be tried either with whole case on its merits, or by trying issue alone, as raised by plea of privilege.

2. Pleading ⟨key⟩ III—Defendant, on plea of privilege, may show whether facts on which venue sought to be maintained are sufficient.

Defendant, on his plea of privilege, may be heard on facts to extent of showing whether or not the facts on which venue is sought to be maintained in particular county are sufficient.

3. Pleading ⟨key⟩ III—Burden on plaintiff to sustain venue when plea of privilege presented.

When a plea of privilege is presented, burden is on plaintiff to sustain venue.

4. Venue ⟨key⟩ 8—Negligent operation of automobile colliding with plaintiff a trespass, fixing venue in county where accident occurred.

If defendant's automobile was negligently operated, and collided with plaintiff, riding on bicycle, it was a trespass, which fixes venue in county where accident happened.

5. Pleading ⟨key⟩ III—All testimony need not be introduced on trial of plea of privilege.

On trial of plea of privilege, party need not introduce all testimony; but it is only necessary to show an actionable act of negligence, and venue will be sustained.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Action by Juan Montez, by his next friend and parent, against Joseph V. De Mars, wherein defendant filed plea of privilege.

From a judgment overruling such plea, defendant appeals. Affirmed.

Lewright & Lewright, of San Antonio, for appellant.

Arnold & Cozby, of San Antonio, for appellee.

COBBS, J. Juan Montez, by his next friend and parent, brought this suit in the district court of Bexar county. It is alleged that Juan Montez was riding a bicycle on a public road in Bexar county, Tex., when an automobile being operated by appellant came in collision with appellee and his bicycle causing severe and painful injuries to said Juan Montez; that the accident was due to the negligence of the appellant, and that the said negligence was a direct and proximate cause of the accident, which caused appellee severe and painful injuries and disfiguration, and damaged him in the sum of $500. Appellant filed a proper plea of privilege, demanding his right to be sued in Dallas county, the county in which he resided. Appellee filed his controverting affidavit.

[1] There are two ways provided for trying the issue raised by a plea of privilege. One is by trying it with the whole case on its merits, and the other is by trying the issue alone as raised by the plea of privilege. The latter mode was followed here, and this appeal is predicated alone upon the issues raised growing out of the plea of privilege.

[2] The defendant upon his plea may be heard on the facts to the extent of showing whether or not the facts upon which the venue is sought to be maintained in the particular county are sufficient. Russell Grader Mfg. Co. of Texas v. McMillin (Tex. Civ. App.) 271 S. W. 124; J. G. Smith Grain Co. v. Shuler (Tex. Civ. App.) 249 S. W. 524; Leach v. Stone (Tex. Civ. App.) 264 S. W. 620.

[3] The venue is attempted to be maintained in Bexar county, on the ground of the alleged trespass committed in that county. The burden is placed upon appellee, when the plea of privilege is presented, to sustain the venue.

[4] While the testimony is not as strong as it might be, yet we believe it is sufficient to sustain the venue, and sufficient to go to the jury on the question of negligence, which caused the injuries to appellee. If the automobile was negligently operated, it is a trespass, which fixes the venue in the county where the accident happened.

[5] Upon the trial of a plea of privilege it is not necessary for one to introduce all his testimony, as he would on a final trial; it is only necessary to show an actionable act of negligence, and the venue will be sustained, because it is not contemplated that it is being developed upon the merits of the whole case. Ulrich v. Krueger (Tex. Civ. App.) 272 S. W. 824.

In view of the fact that this case will be tried on its merits, we refrain from discussing the testimony, lest it may have a prejudicial effect on its final disposition.

The judgment of the trial court is affirmed.