In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00112-CR

                                                ______________________________

 

 

                                    DAVID HEATH FOUSE,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 8th Judicial District Court

                                                           Hopkins County, Texas

                                                          Trial Court
No. 0820360

 

                                                        
                                          

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            David
Heath Fouse has filed an appeal from six convictions.  Three are for the first-degree felony of
aggravated sexual assault on a child (under fourteen—B.P.), and three are for
the second-degree felony of sexual assault on a child (under seventeen—R.R. and
C.J.).  A single brief has been filed to
address all six appeals.  Fouse testified
at trial.  He admitted that he was
convicted in 1999 of the felony offense of assault on a peace officer and the
state-jail felony offense of burglary of a building, and admitted having sexual
intercourse with B.P. and C.J.   

            This
appeal is from his conviction for aggravated sexual assault on a child, on
B.P.  There are no issues raised or
argument made concerning this conviction. 
When a point of error is inadequately briefed, we will not address
it.  Vuong v. State, 830 S.W.2d 929 (Tex. Crim. App. 1992).  This situation goes one step beyond simple
inadequate briefing.  Points are not
merely inadequately briefed, they are not raised at all.  This Court is not the appellant’s
advocate.  Although we have an interest
in a just adjudication, we also have an interest in remaining impartial.  Ex parte Lowery, 840 S.W.2d 550, 552 n.1 (Tex. App.—Dallas 1992), rev’d on other grounds, 867 S.W.2d 41 (Tex. 1993).  Thus, we will not brief a defendant’s case
for him.  Heiselbetz v. State, 906
S.W.2d 500, 512 (Tex. Crim. App. 1995); see Busby v. State, 253 S.W.3d 661, 673 (Tex.
Crim. App. 2008); see Lawton v.
State, 913 S.W.2d 542, 554 (Tex. Crim. App. 1995), overruled on
other grounds by Mosley v. State, 983 S.W.2d 249 (Tex. Crim. App. 1998).


            Further,
the Texas Court of Criminal Appeals has explicitly held that an appellate court
cannot reverse a case on a theory not presented to the trial court or raised on
appeal.  Gerron v. State, 97 S.W.3d 597 (Tex. Crim. App.
2003); Hailey v. State, 87 S.W.3d 118 (Tex. Crim. App. 2002).  With no arguments or theories to support a
request for reversal being made in connection with this conviction on appeal,
there is nothing before this Court which we may review. 

            We
affirm the judgment.

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          April
28, 2010

Date Decided:             April
29, 2010

 

Do Not Publish

 






c intent plus
acting in concert with another to engage in prohibited conduct), may be jointly and severally liable
for the damages legally recoverable. In this instance, the damages legally recoverable are those
found by the jury, reduced by thirty percent in accordance with Section 33.012. According to the
plain language of Section 33.002 applied to the facts of this case, those reduced damages would still
be recoverable by Bishop, but might be damages for which Isaacs would be jointly and severally
liable with another. Assuming, without deciding, that the findings of the jury mandate a
determination that Isaacs is jointly and severally liable, he would still be liable for the "damages
legally recoverable" as determined by the trial court.

 We need not determine whether the civil findings made in the trial court are equivalent to
formal findings that the stated crime occurred, because, even if Section 33.002(b)(11) applies, it does
not eliminate the application of proportional responsibility; it merely provides that co-conspirators
will be jointly and severally liable "for the damages legally recoverable." Because that does not
create an exception to proportional responsibility, we conclude that the argument is without merit. 
This contention on rehearing is overruled.

 We overrule the motions for rehearing.





 Josh R. Morriss, III

 Chief Justice


Date: March 14, 2008 




 
1. In this case, the parties do not differentiate between John and Susan Isaacs, referring usually
to just the singular "Isaacs." Because no issue on appeal is affected by this fact, we follow that
convention, treating Isaacs as one person, unless the context clearly suggests otherwise.
2. There are indications that John Isaacs had previously been convicted of assault.
3. Jury awards against Schleier are no longer at issue, since he settled before judgment.
4. The standard of review for a trial court's denial of a motion for judgment notwithstanding
the verdict is to determine whether the evidence conclusively proves a fact that establishes a party's
right to a judgment as a matter of law. Fort Bend County Drainage Dist. v. Sbrusch, 818 S.W.2d
392, 394 (Tex. 1991). If so, then the trial court erred in denying the motion for judgment
notwithstanding the verdict. Id. On review, this Court considers the evidence and inferences tending
to support the trial court's decision, and disregards evidence and inferences to the contrary. Minyard
Food Stores, Inc. v. Goodman, 80 S.W.3d 573, 577 (Tex. 2002); Oyster Creek Fin. Corp. v.
Richwood Invs. II, Inc., 176 S.W.3d 307, 322 (Tex. App.--Houston [1st Dist.] 2004, pet. denied).


 Judgment without or against a jury verdict is proper at any course of the proceedings only
when the law does not allow reasonable jurors to decide otherwise. Accordingly, the test for legal
sufficiency is the same for directed verdicts and judgments notwithstanding the verdict. City of
Keller v. Wilson, 168 S.W.3d 802, 823 (Tex. 2005). We view the evidence in the light most
favorable to the verdict, crediting favorable evidence if reasonable jurors could, and disregarding
contrary evidence unless reasonable jurors could not. Id. at 807; Zinda v. McCann St., Ltd., 178
S.W.3d 883 (Tex. App.--Texarkana 2005, pet. denied). This Court is not a fact-finder and may not
pass on the credibility of the witnesses or substitute its judgment for that of the trier of fact. Clancy
v. Zale Corp., 705 S.W.2d 820, 826 (Tex. App.--Dallas 1986, writ ref'd n.r.e.). Findings of fact are
the exclusive province of the jury and/or trial court. Bellefonte Underwriters Ins. Co. v. Brown, 704
S.W.2d 742, 744 (Tex. 1986). Accordingly, if there is sufficient competent evidence of probative
force to support the finding, it must be sustained. Beall v. Ditmore, 867 S.W.2d 791, 795-96 (Tex.
App.--El Paso 1993, writ denied). Where there is conflicting evidence, the jury's verdict on such
matters is generally regarded as conclusive. Id. at 796.


 The complicating factor is that, in this instance, the trial court did not render a judgment
matching the verdict. As already noted, the judgment does not match either the Isaacses' or Bishop's
preferred judgment. Thus, we have what the jury found, what Isaacs wanted, and what Bishop
wanted--and then we have what the trial court rendered--which corresponds with none of them.
5. Counsel for Isaacs has categorically pointed out in his reply brief that they have not
requested a new trial. Thus, Isaacs' evidentiary issues are, by definition, restricted to arguments that
could result in rendition of judgment, not a remand. Thus, Isaacs' issues seeking a new trial are
moot, but, Isaacs urges, the arguments remain useful in reviewing other issues in this appeal.
6. We will assume the issue was preserved, though preservation is not certain. It is apparent
that, as described by one of the counsel, there was a "sea of paper" involved in preparing this charge. 
The record of the charge conference is fairly lengthy and tedious, and it is unclear at a number of
points exactly what is being discussed. This is made even more convoluted by the fact that at least
one earlier charge conference had occurred and that counsel and court were not looking at the same
versions of the proposed charge while discussing it. This record does not reflect that Isaacs
complained about this aspect of the jury charge. 


 In his brief, Isaacs points us to the discussion surrounding an objection raised by his
codefendant, Schleier, contending that this preserves his complaint for our review. At that point,
counsel Young stated that he had prepared a jury question on proportionate responsibility between
Bishop and Isaacs and had included Schleier "because I assumed that there would only be one
proportionate responsibility claim for the whole case." Counsel Young went on to state that, if the
court was submitting


 some claims against Bishop versus Schleier and some claims Bishop versus Isaacs,
that Mr. Isaacs is entitled to a proportionate responsibility question as well, so all we
would have to do is just strike Mr. Schleier's name from that since it's only being
submitted against Mr. Bishop and Mr. Isaacs.


 The clerk's record contains a document filed March 1, 2005, labeled proposed jury
instructions, which contains a question that reads as follows:


 If you have answered Questions ___and ____ "Yes" as to more than one of
the persons named below, then answer the following question. Otherwise, do not
answer the following question.

 

 

 You should only assign percentages to the persons you find caused the
damages. The percentages you find must total 100%. The percentages must be
expressed in whole numbers. The responsibility attributable to any one named below
is not necessarily measured by the number of acts or omissions found. 


QUESTION __________




 For each person found by you to have caused the damages to Charles Bishop,
find the percentage caused by:


 a. Charles Bishop ___________%

 b. Johnny Isaacs ___________%

 c. Robert G. Schleier, Jr. ___________%

 TOTAL ______100__%


It is possible that this proposed question was designed to seek to allocate responsibility for all
damages caused by all causes of action. That, however, is by no means clear in the record. If that
was its purpose, it was not capable of doing so as written--there are simply not enough spaces left
in the form to accommodate all the questions raising damage issues. There is also no specific
objection to the piecemeal submission shown by this record. The objection by Schleier's counsel
could just as readily refer to allocation of damages in a single particular cause as to damages overall.
Combining the various discussions, however, one can see the possibility that the apportionment issue
was placed before the trial court for decision. Compare Romero v. KPH Consol., Inc., 166 S.W.3d
212, 228 (Tex. 2005).


 Rule 274 of the Texas Rules of Civil Procedure provides: "A party objecting to a charge
must point out distinctly the objectionable matter and the grounds of the objection. Any complaint
as to a question, definition, or instruction, on account of any defect, omission, or fault in pleading,
is waived unless specifically included in the objections." See Tex. R. Civ. P. 274. There is only one
test for "determining if a party has preserved error in the jury charge, and that is whether the party
made the trial court aware of the complaint, timely and plainly, and obtained a ruling." State Dep't
of Highways v. Payne, 838 S.W.2d 235, 241 (Tex. 1992); De Leon v. Furr's Supermarkets, Inc., 31
S.W.3d 297, 299 (Tex. App.--El Paso 2000, no pet.).
7. When a damages issue is submitted in broad form, an appellate court cannot ascertain with
certainty what amount of the damages award is attributable to each element. See Kansas City S. Ry.
Co. v. Carter, 778 S.W.2d 911, 916 (Tex. App.--Texarkana 1989, writ denied). 
8. A trial court errs by overruling a party's timely and specific objection to the charge, which
mixed valid and invalid elements of damages in a single broad-form submission, and such error is
harmful because it prevents the appellate court from determining "whether the jury based its verdict
on an improperly submitted invalid" element of damage. Casteel v. Crown Life Ins. Co., 22 S.W.3d
378, 388 (Tex. 2000); see also Tex. R. App. P. 61.1(b); Harris County v. Smith, 96 S.W.3d 230, 234
(Tex. 2002).
9. Various arguments were made by the Isaacses which, because of our principal ruling on this
issue, are not dispositive. The Isaacses contend that, because the note was rewritten during the
bankruptcy, any fraud that occurred in the original writing was superseded and that HDI and Bishop
had elected at that time the remedy of rewriting or reforming the note, rather than rescinding it. But,
the bankruptcy plan itself specifically provided that all claims asserted in this pending lawsuit were
preserved and retained for enforcement, and one of those claims was a request for rescission. The
document was reformed or modified by order of the bankruptcy court, while still expressly
preserving other pending claims, including rescission. Thus, the Isaacses' argument fails on its face.


 The Isaacses also argue that, by accepting the benefits of the replacement note as imposed
by the bankruptcy court, Bishop ratified that note and eliminated any possible later attack on the
original note. Ratification occurs when a party recognizes the validity of a contract by acting under
it, performing under it, or affirmatively acknowledging it. See Zieben v. Platt, 786 S.W.2d 797, 802
(Tex. App.--Houston [14th Dist.] 1990, no writ). Ratification may either be express or implied from
a course of conduct. Once a party ratifies a contract, it may not later withdraw its ratification and
seek to avoid the contract. See Spellman v. Am. Universal Inv. Co., 687 S.W.2d 27, 29 (Tex.
App.--Corpus Christi 1984, writ ref'd n.r.e.). Any act inconsistent with an intent to avoid a contract
has the effect of ratifying the contract. See Barker, 105 S.W.3d at 85; Old Republic Ins. Co. v.
Fuller, 919 S.W.2d 726, 728 (Tex. App.--Texarkana 1996, writ denied). 


 The ratification defense raised by the Isaacses is inapplicable. The argument seems to be
that, by performing under the terms of the replacement note, Bishop ratified the original note and
thus has waived any right to complain about the original note. Certainly, Bishop did perform under
the Replacement Note. But, again, the bankruptcy court order explicitly preserved the rights under
the prior note. Thus, neither performing under the Replacement Note or seeking bankruptcy relief
would ratify wrongs done in connection with the original note.
10. HDI is a corporate entity wholly owned by Bishop. It was created, and the track properties
transferred into it in an unsuccessful attempt to avoid bankruptcy. HDI and Bishop are both liable
to Isaacs on the purchase note for the property.

11. Bandy and Presnall both deal with a bank's right of offset, but the principle is the same
here.
12. See Creditwatch, Inc. v. Jackson, 157 S.W.3d 814 (Tex. 2005).
13. In connection with the fraud cause of action, the Isaacses make other arguments, which fail
as well. They argue that the "duty to disclose" instruction in jury question 10 is "fatally incorrect."
But they did not object on that basis at trial. In the absence of an objection at trial that matches the
complaint on appeal, nothing has been preserved for our review. Tex. R. App. P. 33.1. Complaints
and argument on appeal must correspond with the complaint made at the trial court level. Century
21 Real Estate Corp. v. Hometown Real Estate Co., 890 S.W.2d 118, 124 (Tex. App.--Texarkana
1994, writ denied).


 The Isaacses also seem to contend that jury question 11 incorrectly stated the law about their
responsibility for any actions that were taken by their attorney, Schleier. But there was no objection
to the charge as given. The complaint has not been preserved for our review. Tex. R. App. P. 33.1.


 When no objection is made to a jury instruction, we review the sufficiency of the evidence
in light of the charge submitted. Wal-Mart Stores, Inc. v. Sturges, 52 S.W.3d 711, 715 n.4 (Tex.
2001); City of Fort Worth v. Zimlich, 29 S.W.3d 62, 71 (Tex. 2000). In the absence of an objection,
the current complaint does not comport with the objection at trial, and we may not review it on
appeal. We must, therefore, measure the verdict by the charge given, even if the charge contains
incorrect statements of the law. We overrule this contention.


 The Isaacses also argue that the trial court erred by overruling their motion for judgment
N.O.V. for attorneys' fees for fraud in the sale of the business because the award is outside the scope
of the fraud statute pled as grounds for attorneys' fees. Without complaint by the Isaacses, the trial
court constructed the jury charge to cover both common-law and statutory real estate fraud. The
charge does not limit itself to either formulation.


 The Isaacses' argument is based on the position that the jury did not make a finding required
by Section 27.01 of the Texas Business and Commerce Code to support a fraud recovery in a
transaction involving real estate. See Tex. Bus. & Com. Code Ann. § 27.01 (Vernon 2002). Thus,
they assert, the attorneys' fees provided under that statute are not available. Isaacs' argument is
largely based on language within the statute which they read as requiring the plaintiff to show that
the defrauder benefitted from the fraud in order to fit within the statutory fraud umbrella. This
misreads the statute. The "benefit" language appears only in a section authorizing exemplary
damages. The charge otherwise corresponds to the requirements of the statute, and the argument
fails on its face.


 Isaacs also suggests that the attorneys' fees are unavailable because the statute does not apply
to the sale of a business that only incidentally involves real estate. The two cases they cite are not
on point. One predates the statute by forty years and does not address the sale of real estate, and the
second case involves a purchase of limited partnership interests, not real estate. Marshall v. Quinn-L
Equities, Inc., 704 F.Supp. 1384 (N.D. Tex. 1988); Ulrich v. Krueger, 272 S.W. 824 (Tex. Civ.
App.--Galveston 1924, no writ). The property transferred in this case was the land, with the
buildings and track built thereon. This fits the explicit language of the statute, and we have been
directed to no authority showing that the language means otherwise.
14. The general rule is that a seller of real estate is under a duty to disclose those material facts
which would not be discoverable by the buyer in the exercise of ordinary care and due diligence. 
Smith v. Nat'l Resort Cmtys., Inc., 585 S.W.2d 655, 658 (Tex. 1979); Robbins v. Capozzi, 100
S.W.3d 18, 24 (Tex. App.--Tyler 2002, no pet.); Pairett v. Gutierrez, 969 S.W.2d 512, 515 (Tex.
App.--Austin 1998, pet. denied).

15. Isaacs does not contend the evidence is legally insufficient; his sole argument is that the law
will not allow recovery in this type of situation.
16. As mentioned above, the Isaacses' position is that, though the amount of $50,000.00 is a
correct amount, no fees or costs should be awarded as a matter of law because the statute does not
apply to this case.
17. The Isaacses also argue in a single sentence, without authority or analysis, that they should
have been entitled to immediately accelerate the note against co-maker HDI. This argument is
inadequately presented for review. Consequently, the Isaacses have forfeited appellate review of this
argument. See Pheng Invs., Inc. v. Rodriquez, 196 S.W.3d 322, 332 (Tex. App.--Fort Worth 2006,
no pet.). We overrule that contention of error.
18. Isaacs v. Bishop, No. 06-05-00092-CV, 2008 Tex. App. LEXIS 114 (Tex.
App.--Texarkana Jan. 10, 2008, no pet. h.).
19. The prior version of the statute applies in this case, as suit was filed before July 1, 2003. 
Act of May 8, 1995, 74th Leg., R.S., ch. 136, § 1, 1995 Tex. Gen. Laws 971, repealed by Act of
June 2, 2003, 78th Leg., R.S., ch. 204, § 4.10(1), 2003 Tex. Gen. Laws 847, 859.